UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAUL VESOULIS, | * | CIVIL ACTION NO. 2:19-cv-01795 |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| RESHAPE LIFESCIENCES INCORPORATED f/k/a | * | JUDGE MARTIN L.C. FELDMAN |
| ENTEROMEDICS INCORPORATED, | * | |
| | * | |
| Defendant. | * | MAG. JUDGE DANA M. DOUGLAS |

**********************************************

### FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
### IN RESPONSE TO PETITION FOR DAMAGES

**NOW INTO COURT,** through the undersigned counsel, comes the Defendant, ReShape Lifesciences, Inc. f/k/a Enteromedics Incorporated ("Reshape"), for the purpose of providing its First Amended Answer and Affirmative Defenses in response to the Compliant filed on behalf of the Plaintiff, Paul Vesoulis ("Vesoulis").

### FIRST DEFENSE

The Complaint fails to state a claim against ReShape pursuant to Rule 12(b)(6) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and its progeny.

### SECOND DEFENSE

Without in any way waiving the defenses set forth above and below and responding to Vesoulis' Petition for Damages by numbered paragraph, ReShape avers as follows:

1.

The unnumbered paragraph preceding paragraph 1 of the Petition does not appear to require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, all of the allegations contained therein are denied.

1

EXHIBIT 1

2.

The allegations of paragraph 1 of the Petition do not require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, the allegations are denied for lack of sufficient information to justify a reasonable belief therein.

3.

ReShape admits that it is a foreign corporation doing business in the State of Louisiana.

4.

The allegations of paragraph 3 of the Petition do not require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, the allegations are denied for lack of sufficient information to justify a reasonable belief therein.

5.

The allegations of paragraph 4 of the Petition do not require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, the allegations are denied for lack of sufficient information to justify a reasonable belief therein.

6.

The allegations of paragraph 5 of the Petition do not require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, the allegations are denied for lack of sufficient information to justify a reasonable belief therein.

7.

The allegations of paragraph 6 of the Petition are denied.

8.

The allegations of paragraph 7, including sub-parts (1)-(3) of the Petition are denied.

9.

The allegations of paragraph 8 of the Petition are denied.

10.

The allegations of paragraph 9 of the Petition are denied.

11.

The allegations of paragraph 10 of the Petition do not require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, the allegations are denied for lack of sufficient information to justify a reasonable belief therein.

12.

The unnumbered prayer for relief following paragraph 11 of the Petition does not appear to require an answer from ReShape; however, to the extent that an answer is deemed appropriate by the Court, all of the allegations contained therein are denied.

**AFFIRMATIVE DEFENSES TO THE PETITION**

**AND NOW, FURTHER ANSWERING**, ReShape asserts the following Affirmative Defenses to the allegations of the Petition:

**THIRD DEFENSE**

Pursuant to Rule 19, Plaintiff's Petition fails to join all parties necessary for a just adjudication, as ReShape avers that Dr. Thomas Lavin located at 3100 Galleria Drive, Suite 3000301, Metairie, Louisiana 70001 is a necessary party to the litigation and should be joined.

**FOURTH DEFENSE**

Defendant avers that Plaintiff's own negligence and/or the negligence of Dr. Thomas Lavin was the cause of this alleged incident that serves to either bar or diminish Plaintiff's recovery against Defendant.

**FIFTH DEFENSE**

Alternatively, Defendant avers that the accident was caused, in whole or in part, by the negligence of individuals and/or entities other than Defendant and for whom Defendant has no legal responsibility or control. Defendant avers that the comparative fault of these individuals and/or entities serves to bar, diminish, and/or mitigate Plaintiff's recovery against Defendant.

**SIXTH DEFENSE**

To the extent ReShape is deemed to be subject to claims for product liability, which is denied, ReShape pleads the defense of sophisticated user.

**SEVENTH DEFENSE**

Plaintiff's claims are barred by the intervention of a learned intermediary or intermediaries whose acts, omissions or fault, if any, are the proximate cause of the alleged injuries, damages or losses asserted in this case.

**EIGHTH DEFENSE**

ReShape avers that there is no characteristic of the product at issue that caused it to be unreasonably dangerous.

**NINTH DEFENSE**

ReShape avers that the characteristic of the product at issue that allegedly causes it to be unreasonably dangerous, if any, did not exist at the time the product left the control of ReShape.

**TENTH DEFENSE**

ReShape avers that the product at issue did not deviate in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactures by the same manufacturer.

**ELEVENTH DEFENSE**

ReShape avers that, at the time the product left its control, an alternative design for the product that was capable of preventing the alleged damages, if any, did not exist.

**TWELFTH DEFENSE**

ReShape avers that to the extent the product at issue possessed a characteristic that could cause damage at the time it left its control, which is denied, ReShape used reasonable care to provide an adequate warning of such characteristic and its danger to users and/or handlers of the product.

**THIRTEENTH DEFENSE**

ReShape avers that it was not required to warn, and cannot be held liable for an inadequate warning, where the user or handler of the product knew or reasonably should have known of the characteristic of the product that may cause damage, if any, and the danger of such characteristic.

**FOURTEENTH DEFENSE**

The applicable law does not recognize a post-sale duty to warn in the present circumstances.

**FIFTEENTH DEFENSE**

To the extent ReShape acquired knowledge of a characteristic of the product that may cause damage and the danger of such characteristic, if any, after the product left its control, it exercised reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

## SIXTEENTH DEFENSE

ReShape made no express warranty in the instant case.

## SEVENTEENTH DEFENSE

To the extent ReShape is deemed to have made an express warranty in this case, which is denied, the product at issue conformed to the express warranty made.

## EIGHTEENTH DEFENSE

There was no reliance upon any labeling, warnings or information concerning the product at issue.

## NINETEENTH DEFENSE

Plaintiff's claims for negligence against ReShape are barred pursuant to Louisiana Revised Statutes §9:2800.52.

## TWENTIETH DEFENSE

ReShape owed and/or breached no duty.

## TWENTY-FIRST DEFENSE

At all relevant times, ReShape acted in compliance with all applicable statutes, regulations, ordinances, rules, or other standards, whether federal, state or local.

## TWENTY-SECOND DEFENSE

All risks related to the allegations of the Petition for Damages were assumed.

## TWENTY-THIRD DEFENSE

Plaintiff's claims against ReShape are barred insofar as any alleged action or omission on the part of ReShape, which is denied, was not a direct, substantial, proximate or contributory cause of any alleged damages suffered or claimed by Plaintiff.

**TWENTY-FOURTH DEFENSE**

The injuries at issue in this case, if any, pre-existed the subject occurrence, and the damages, if any, were directly and proximately caused or contributed to by the Plaintiff and/or Dr. Thomas Lavin and/or omissions of other parties to this action, and/or the acts and/or omissions of other individuals, firms, product manufacturers, corporations and entities over whom ReShape has no right of control and for whom ReShape is not legally responsible. Plaintiff's recovery, if any, must be diminished in accordance with the fault of all parties and non-parties.

**TWENTY-FIFTH DEFENSE**

The alleged incident made the subject of this action and the alleged damages sought herein, if any, were proximately caused by superseding and intervening causes.

**TWENTY-SIXTH DEFENSE**

Recovery must be barred, in whole or in part, to the extent there is or was a failure to mitigate the alleged injuries or damages at issue in this litigation.

**TWENTY-SEVENTH DEFENSE**

While denying any and all allegations of negligence, wrongdoing, fault or liability, ReShape states that it is entitled to a full credit, offset, *pro rata* reduction, or percentage reduction, based on the percentage of fault attributable to each settling defendant, in the event Plaintiff settles with any defendant, pursuant to the applicable statutes.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's claims against ReShape are subject to set-off for any and all amounts received by Plaintiff is or was entitled pursuant to insurance policies and other benefits, including, but not limited to, any policies for disability and/or medical coverage. Plaintiff's claims against

ReShape are also subject to a set-off for any and all amounts received by Plaintiff in satisfaction, compromise or settlement of her claims against other person(s) or entities, whether a party or non-party to this lawsuit, and whether settlement or compromise occurred prior to or after the filing of the original Petition.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred by equitable estoppel, laches, compromise, settlement and/or accord and satisfaction.

### THIRTIETH DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress or similar damages because there is no fixed objective and/or clear and consistent standard under Louisiana law for ascertaining the amount thereof, such that any award of said damages against ReShape would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 6 of the Louisiana Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

### THIRTY-FIRST DEFENSE

ReShape pleads the benefits and protections of Louisiana Civil Code article 2323, *et. seq.*, and specifically pleads the comparative fault of Plaintiff and other persons and/or entities, notwithstanding the immunity or insolvency of the said persons or entities.

### THIRTY-SECOND DEFENSE

Any damages incurred were the result of an Act of God.

## THIRTY-THIRD DEFENSE

ReShape avers that, whether in whole or in part, Plaintiff's claims have prescribed, or, if federal law or the law of a state other than Louisiana is determined to apply, Plaintiffs' claims are time barred under the applicable federal and/or State laws.

## THIRTY-FOURTH DEFENSE

Plaintiff's Petition is vague and ambiguous and fails to satisfy the requirements for pleading as provided in the Louisiana Code of Civil Procedure.

## THIRTY-FIFTH DEFENSE

Plaintiff's state law tort claims brought pursuant to the Louisiana Products Liability Act, 9:2800, *et. seq.,* are preempted by the Medical Device Amendments of 1976, 21 U.S.C. § 360k(a), as the Integrated Dual Balloon is a Class III medical device and has received premarket approval by the United States Food and Drug Administration.

## THIRTY-SIXTH DEFENSE

ReShape hereby gives notice that it intends to rely on other defenses that may become available or apparent during the course of discovery and thus, reserves its right to amend its Answer to assert any such defense

**WHEREFORE,** Defendant, ReShape Lifesciences, Inc. f/k/a Enteromedics Incorporated ("Reshape"), prays that its First Amended Answer and Affirmative Defenses be deemed good and sufficient and that after due proceedings are had, judgment be rendered in ReShape's favor and against Plaintiff at Plaintiff's sole cost and expense.

Respectfully submitted,

   /s/ Shannon A. Kelly
RACHEL G. WEBRE (No. 26907)
SHANNON A. KELLY (No. 34616)
Email:      rwebre@glllaw.com
              skelly@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone:  (504) 561-0400
Facsimile:   (504) 561-1011
*Counsel for Defendant, ReShape Lifesciences Incorporated f/k/a Enteromedics Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing notice of removal has been served upon the following counsel of record, via the Court's CM/ECF system and U.S. mail, this 16th day of October, 2019:

    Franklin G. Shaw
    Walter J. Leger, Jr.
    Brigid Collins
    Leger & Shaw
    512 East Boston Street
    Baton Rouge, Louisiana 70433
    Telephone:   (225) 809-6625
    Facsimile:    (225) 809-6626

   /s/ Shannon A. Kelly
Shannon A. Kelly