UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL VESOULIS | CIVIL ACTION NO. 19-CV-01795-MLCF-DMD |
| | JUDGE MARTIN L.C. FELDMAN |
| VERSUS | |
| | MAGISTRATE JUDGE DANA M. DOUGLAS |
| RESHAPE LIFESCIENCES, f/k/a ENTEROMEDICS INCORPORATED | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Paul Vesoulis, a person of the full age of majority domiciled in Lucas County, State of Ohio who respectfully represents upon information and belief as follows:

1.

Plaintiff hereby adopts and incorporates by reference all allegations of the Complaint and First Amended Complaint as if fully set forth herein.

2.

Made Defendant herein is ReShape Lifesciences, Inc., a foreign corporation doing business in the State of Louisiana.

2.(a)

Made additional Defendants herein are Dr. Thomas Lavin and Surgical Specialists of Louisiana, LLC, his employer. Dr. Lavin and Surgical Specialists are qualified health-care providers under the provisions of the Louisiana Medical Malpractice Act La. R.S. 40:1299.40, et.

seq.  A Medical Review Panel was convened pursuant to La. R.S 40:1299.47 which rendered its reasons on May 26, 2020.  Ex. "A".  This action is timely pursuant to La. R.S. 40:1299.47(L).

3.

On July 27, 2017, an Endoscopic ReShape Duo Gastric Balloon device was inserted into Mr. Vesoulis's stomach by Dr. Thomas Lavin at his office located at 3100 Galleria Drive, Suite 300-301, Metairie, Louisiana 70001.

4.

On January 11, 2018, Mr. Vesoulis returned to Dr. Lavin's Metairie office to have the ReShape Duo Gastric Balloon removed. Almost immediately after removal, Mr. Vesoulis began to experience extreme abdominal pain and nausea.

5.

Mr. Vesuolis underwent laparoscopic surgery on January 11, 2018 in an attempt to discover the source of the pain. No CT scan was performed before or after this surgery and Dr. Lavin failed to discover an esophageal tear.

6.

On January 13, 2018 after a CT scan, Dr. Lavin performed surgery to repair the esophageal perforation.  Plaintiff asserts that the esophageal tear and subsequent hospitalizations, medical treatment and sequelae were caused by the removal of the Endoscopic ReShape Duo Gastric Balloon medical device. Mr. Vesoulis was discharged on January 18, 2018 whereupon he returned to his home in Ohio to receive follow up medical care.

7.

The ReShape Duo Gastric Balloon is a Class III Medical Device which received Premarket Approval by the United States Food and Drug Administration.  Plaintiff herein alleges that defendant Reshape Life Sciences, Inc. is liable based solely upon defendant's failure to comply with the PMA Approval Order and applicable FDA regulations, and thereby, is also liable under the Louisiana Products Liability Act's parallel provisions regarding failure to warn, La. R.S. 9:2800.57(A) and breach of the defendants post-sale duty to warn, La. R.S. 9:2800(C), which claims are not preempted by the preemption provisions of 21 U.S.C. §360k of the Medical Device Amendments.  See, e.g. *Hughes v. Boston Scientific Corp.,* 631 F.3d 762 (5th Cir. 2011), *Busch v. Thoratec Corp.,* 2012 WL 2513669 (E.D. La. 6/28/2012).

8.

Plaintiff alleges that the defendant, Reshape Life Science Inc.,  is liable for failing to comply with the Premarket Approval Order issued by the FDA and applicable FDA regulations, including but not limited to those contained in 21 C.F.R. §801, 21 C.F.R.§120 and 21 C.F.R. §803. Defendant Reshape failed to comply with FDA regulations regarding labelling and warnings, failed to comply with FDA regulations regarding communicating instances of death or serious injury, failed to comply with FDA regulations regarding the reporting of instances of death or serious injury through the required filing of reports with the FDA and failed to communicate instances of death or serious incidents to Dr. Thomas Lavin and/or Surgical Specialists of Louisiana, LLC.

9.

Dr. Lavin served as Reshape's Principal Investigator in the Post Approval Study as directed by the FDA's PMA Order and as reflected in his Curriculum Vitae and sworn deposition testimony. Plaintiff was never warned at any time by either defendant or Dr. Lavin of the increased risks of death or serious injury, or of other recent deaths or serious injury. Upon information and belief, plaintiff would not have proceeded with this elective procedure had he been advised of the true risks of death or serious injury.

9(a).

The injuries to Paul Vesoulis were also caused by the medical negligence of Dr. Thomas Lavin and his employer, Surgical Specialists of Louisiana, LLC , their agents, servants and employees in failing to render proper and professional health care to petitioner; in failing to exercise the degree of skill and care employed under similar circumstances by physicians and health care professionals in good standing licensed to practice in the State of Louisiana in a local community or within their specialty; in failing to properly diagnose Paul Vesoulis' condition and promptly treat same; in negligence in the removal of the device from Paul Vesoulis causing the esophageal perforation; in failing to use reasonable care and diligence when rendering medical services to Paul Vesoulis, including negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent pursuant to La. R.S. 40:1299.40, as well as all other acts of neglect, fault, omission or commission which may become apparent through the discovery process.

10.

The aforesaid injuries and damages were not the result of any lack of care, inattention and/or carelessness on the part of the Mr. Vesoulis.

11.

This incident caused severe injury to Mr. Vesoulis including but not limited to an esophageal perforation necessitating extensive surgery, medical treatment and rehabilitation causing plaintiff to incur and suffer damage in the form of past and future medical expenses, past lost wages and future loss of earning capacity, past and future disability, past and future pain, mental anguish and emotional distress and past and future loss of enjoyment of life for which the defendants herein are liable in such sums as the trier of fact may deem reasonable in the premises.

12.

Plaintiff is entitled to and demands a trial by jury on all issues alleged herein.

WHEREFORE, plaintiff, Paul Vesoulis, prays that this Second Amended Complaint be deemed good and sufficient, and that after due proceedings are had that there be judgment herein in favor of Paul Vesoulis against defendants, ReShape Lifesciences, Inc., Dr. Thomas Lavin and Surgical Specialists of Louisiana, LLC, *in solido,* for all categories of damages set forth above in such sums as may be deemed reasonable in the premises with legal interest from date of judicial demand, costs and any other relief to which plaintiff may be entitled.

                Respectfully submitted,

                /s/*Franklin G. Shaw*
                LEGER & SHAW
                Franklin G. Shaw, Bar No. 01594
                Walter J. Leger, Jr., Bar No. 88278
                Brigid E. Collins, Bar NO. 28538
                512 E. Boston St.
                Covington, LA 70433
                Telephone: 985-809-6625
                Facsimile: 985-809-6626

**PLEASE SERVE:**

THOMAS LAVIN, M.D.
7015 Hwy. 190
East Service Rd., Suite 200
Covington, LA 70433

SURGICAL SPECIALISTS OF LOUISIANA, L.L.C.
Through its registered agent for service of process
Lyn Savoie
8680 Bluebonnet Blvd., Suite F
Baton Rouge, Louisiana 70810

CERTIFICATE OF SERVICE

    I hereby certified that a copy of the above and foregoing pleading has been served upon all counsel of record by using the CM/ECF filing system, this 4th day of June 2020.

                /s/*Franklin G. Shaw*
                Franklin G. Shaw