UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL VESOULIS | CIVIL ACTION NO. 19-CV-01795-MLCF-DMD |
| VERSUS | JUDGE MARTIN L.C. FELDMAN |
| RESHAPE LIFESCIENCES, f/k/a ENTEROMEDICS INCORPORATED | MAGISTRATE JUDGE DANA M. DOUGLAS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, come Defendants, Dr. Thomas Lavin and Louisiana Surgical Specialists ("LSS") who, in Answer to Plaintiff's Second Amended Complaint, respond:

1.

The allegations contained in Paragraph 1 of Plaintiff's Second Amended Complaint do not require an answer of these Defendants, as there are no allegations or causes of action against these Defendants. Nevertheless, in an abundance of caution, the allegations of Paragraph 1 are denied, *on toto*.

2.

The allegations contained in Paragraph 2 of Plaintiff's Second Amended Complaint do not require an answer of these Defendants.

2.(a)

The allegations contained in Paragraph 2(a) of Plaintiff's Second Amended Complaint are admitted.

3.

To the extent allegations contained in Paragraph 3 of Plaintiffs' Second Amended Complaint purport to recount Plaintiff's medical history and/or complaints, Defendants respectfully contend that the contemporaneous medical records are the best evidence of Plaintiff's medical history, complaints and/or the medical care rendered to Plaintiff by Defendants and others. Accordingly, to the extent that the allegations in Paragraph 3 contradict, contravene, paraphrase and/or are not a verbatim recitation of the contemporaneous medical records, the allegations are denied for lack of sufficient information to justify a belief therein.

4.

To the extent allegations contained in Paragraph 4 of Plaintiffs' Second Amended Complaint purport to recount Plaintiff's medical history and/or complaints, Defendants respectfully contend that the contemporaneous medical records are the best evidence of Plaintiff's medical history, complaints and/or the medical care rendered to Plaintiff by Defendants and others. Accordingly, to the extent that the allegations in Paragraph 4 contradict, contravene, paraphrase and/or are not a verbatim recitation of the contemporaneous medical records, the allegations are denied for lack of sufficient information to justify a belief therein.

5.

To the extent allegations contained in Paragraph 5 of Plaintiffs' Second Amended Complaint purport to recount Plaintiff's medical history and/or complaints, Defendants respectfully contend that the contemporaneous medical records are the best evidence of Plaintiff's medical history, complaints and/or the medical care rendered to Plaintiff by Defendants and others. Accordingly, to the extent that the allegations in Paragraph 5 contradict, contravene, paraphrase and/or are not a verbatim recitation of the contemporaneous medical records, the allegations are denied for lack of sufficient information to justify a belief therein.

6.

To the extent allegations contained in Paragraph 6 of Plaintiffs' Second Amended Complaint purport to recount Plaintiff's medical history and/or complaints, Defendants respectfully contend that the contemporaneous medical records are the best evidence of Plaintiff's medical history, complaints and/or the medical care rendered to Plaintiff by Defendants and others. Accordingly, to the extent that the allegations in Paragraph 6 contradict, contravene, paraphrase and/or are not a verbatim recitation of the contemporaneous medical records, the allegations are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint do not require an answer of these Defendants, but in an abundance of caution, are denied.

8.

The allegations contained in Paragraph 8 of Plaintiff's Second Amended Complaint do not require an answer of these Defendants, but in an abundance of caution, are denied.

9.

The allegations contained in Paragraph 9 of Plaintiff's Second Amended Complaint as to Dr. Lavin's status are admitted and all other allegations of Paragraph 9 are specifically denied. In further answer, Dr. Lavin obtained proper informed consent from Plaintiff prior to all care that he provided to the Plaintiff.

9(a).

The allegations contained in Paragraph 9(a) of Plaintiff's Second Amended Complaint are denied.

10.

The allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint are denied.

12.

The allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint do not require an answer of these Defendants, yet these Defendants join in Plaintiff's prayer for a jury trial on all issues.

**AND NOW, IN FURTHER ANSWERING,** Defendants respond that:

13.

At all times pertinent hereto, Defendants were qualified healthcare providers under the terms and provisions of LSA-R.S. 40:1231.1 et seq. and, as such, are entitled to all the benefits and protections provided by the Louisiana Medical Malpractice Act, including, but not limited, to the limitations on liability and payment of damages.

14.

The claims asserted by Plaintiff herein were first presented to a duly empanelled and convened Medical Review Panel, consisting of three Louisiana licensed physicians. The Opinion and Reasons of the Medical Review Panel are attached hereto and incorporated herein, as if copied *in extenso*, and as exhibited by attachment "A".

15.

At all times pertinent hereto, the care and/or treatment rendered by Defendants was reasonable, proper, and in complete accordance with the applicable standard of care among physicians of Dr. Lavin's specialty.

16.

Any injuries and/or damages alleged to have been suffered by the Plaintiff herein were not caused in any way by any actions or omissions of Defendants. Rather, any such injuries and/or damages claimed were due to the severe and debilitating physical infirmities and/or conditions from which Plaintiff suffered prior to, during, and after any care rendered to him by Defendants.

17.

Any injuries and/or damages allegedly suffered by the Plaintiff herein, to the extent those injuries and/or damages were not the natural processes of the debilitating physical infirmities and/or conditions from which Plaintiff suffered, were caused and/or contributed to by parties other than Defendants, for which parties Defendants had no actual, apparent, vicarious and/or implied responsibility.

18.

Any injuries and/or damages allegedly suffered by the Plaintiff herein, to the extent that those injuries and/or damages were not the natural processes of the physical infirmities and/or conditions from which Plaintiff suffered, were caused and/or contributed to by the fault, neglect, lack of care and/or failure to exercise due diligence on the part of Plaintiff, all of which constitutes comparative negligence and all of which serves to bar and/or mitigate any damages claimed by the Plaintiff herein.

19.

In an abundance of caution, any cause of action, claim and/or allegation contained in Plaintiff's Second Amended Complaint and not previously responded to herein, whether it be any misnumbered or unnumbered paragraphs, allegations and/or prayers for relief are denied.

120.

Defendants pray for trial herein by jury.

**WHEREFORE**, Dr. Thomas Lavin and Louisiana Surgical Specialists ("LSS") pray that this Answer be deemed good and sufficient, and that after all legal delays and proceedings are had, there be Judgment herein in favor of Dr. Thomas Lavin and Louisiana Surgical Specialists ("LSS") and against Plaintiff, dismissing Plaintiff's suit at Plaintiff's costs and for trial by jury.

Respectfully submitted,

**BLUE WILLIAMS, L.L.P.**

/s/ Aldric C. Poirier, Jr.
**ALDRIC C. POIRIER, JR. (21824)**
**ELIZABETH S. SCONZERT (30049)**
**KELLY M. BRIAN (31064)**
1060 West Causeway Approach
Mandeville, LA 70471
Telephone: (985) 626-0058
*Attorneys for United Medical Healthcare, Inc., d/b/a United Medical Rehabilitation Hospital*

3136805 v1

## **CERTIFICATE OF SERVICE**

I hereby certified that a copy of the above and foregoing pleading has been served upon all counsel of record by using the CM/ECF filing system, this 18th day of June 2020.

/s/ Aldric C. Poirier, Jr.
Aldric C. Poirier, Jr.

3136805 v1