UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAUL VESOULIS, | * | CIVIL ACTION NO. 2:19-cv-01795 |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| RESHAPE LIFESCIENCES INCORPORATED f/k/a | * | JUDGE MARTIN L.C. FELDMAN |
| ENTEROMEDICS INCORPORATED, | * | |
| | * | |
| Defendant. | * | MAG. JUDGE DANA M. DOUGLAS |

*************************************************

### ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**NOW INTO COURT,** through the undersigned counsel, comes the Defendant, ReShape Lifesciences, Inc. f/k/a Enteromedics Incorporated ("Reshape"), for the purpose of providing its Answer in response to the Second Amended Complaint filed on behalf of the Plaintiff, Paul Vesoulis ("Vesoulis").

### FIRST DEFENSE

The Second Amended Complaint fails to state a claim against ReShape pursuant to Rule 12(b)(6) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and its progeny.

### SECOND DEFENSE

Without in any way waiving the defenses set forth above and below and responding to Vesoulis' Second Amended Complaint by numbered paragraph, ReShape avers as follows:

1.

The unnumbered paragraph preceding paragraph 1 of the Second Amended Complaint does not appear to require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, all of the allegations contained therein are denied.

1

2.

The allegations of paragraph 1 of the Second Amended Complaint do not require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, the allegations are denied for lack of sufficient information to justify a reasonable belief therein.

3.

In response to paragraph 2 of the Second Amended Complaint, ReShape admits that it is a foreign corporation doing business in the State of Louisiana.

4.

The allegations of paragraph 2(a) of the Second Amended Complaint do not require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, the allegations are denied for lack of sufficient information to justify a reasonable belief therein.

5.

The allegations of paragraph 3 of the Second Amended Complaint do not require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, the allegations are denied for lack of sufficient information to justify a reasonable belief therein.

6.

The allegations of paragraph 4 of the Second Amended Complaint do not require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, the allegations are denied for lack of sufficient information to justify a reasonable belief therein.

7.

The allegations of paragraph 5 of the Second Amended Complaint do not require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, the allegations are denied for lack of sufficient information to justify a reasonable belief therein.

8.

The allegations of paragraph 6 of the Second Amended Complaint are denied.

9.

In response to the allegations of paragraph 7 of the Second Amended Complaint, ReShape admits that the ReShape Duo Gastric Balloon is a Class III Medical Device which received Premarket Approval by the United States Food and Drug Administration. The remaining allegations of paragraph 7 of the Second Amended Complaint are denied.

10.

The allegations of paragraph 8 of the Second Amended Complaint are denied.

11.

The allegations of paragraph 9 of the Second Amended Complaint are denied.

12.

The allegations of paragraph 9(a) of the Second Amended Complaint are denied.

13.

The allegations of paragraph 10 of the Second Amended Complaint do not require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, the allegations are denied for lack of sufficient information to justify a reasonable belief therein.

14.

The allegations of paragraph 11 of the Second Amended Complaint are denied.

15.

The allegations of paragraph 12 of the Second Amended Complaint do not require an answer from ReShape; however, to the extent that an answer is deemed necessary by the Court, the allegations are denied for lack of sufficient information to justify a reasonable belief therein.

16.

The unnumbered prayer for relief following paragraph 12 of the Second Amended Complaint does not appear to require an answer from ReShape; however, to the extent that an answer is deemed appropriate by the Court, all of the allegations contained therein are denied.

## AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT

**AND NOW, FURTHER ANSWERING**, ReShape asserts the following Affirmative Defenses to the allegations of the Second Amended Complaint:

### THIRD DEFENSE

ReShape avers that Plaintiff's own negligence, and that negligence serves to either bar or diminish Plaintiff's recovery against ReShape.

### FOURTH DEFENSE

Alternatively, ReShape avers that the accident was caused, in whole or in part, by the negligence of individuals and/or entities other than ReShape and for whom ReShape has no legal responsibility or control.  Defendant avers that the comparative fault of these individuals and/or entities serves to bar, diminish, and/or mitigate Plaintiff's recovery against ReShape.

### FIFTH DEFENSE

To the extent ReShape is deemed to be subject to claims for product liability, which is denied, ReShape pleads the defense of sophisticated user.

### SIXTH DEFENSE

Plaintiff's claims are barred by the intervention of a learned intermediary or intermediaries whose acts, omissions or fault, if any, are the proximate cause of the alleged injuries, damages or losses asserted in this case.

## SEVENTH DEFENSE

ReShape avers that there is no characteristic of the product at issue that caused it to be unreasonably dangerous.

## EIGHTH DEFENSE

ReShape avers that the characteristic of the product at issue that allegedly causes it to be unreasonably dangerous, if any, did not exist at the time the product left the control of ReShape.

## NINTH DEFENSE

ReShape avers that the product at issue did not deviate in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactures by the same manufacturer.

## TENTH DEFENSE

ReShape avers that, at the time the product left its control, an alternative design for the product that was capable of preventing the alleged damages, if any, did not exist.

## ELEVENTH DEFENSE

ReShape avers that to the extent the product at issue possessed a characteristic that could cause damage at the time it left its control, which is denied, ReShape used reasonable care to provide an adequate warning of such characteristic and its danger to users and/or handlers of the product.

## TWELFTH DEFENSE

ReShape avers that it was not required to warn, and cannot be held liable for an inadequate warning, where the user or handler of the product knew or reasonably should have known of the characteristic of the product that may cause damage, if any, and the danger of such characteristic.

## THIRTEENTH DEFENSE

The applicable law does not recognize a post-sale duty to warn in the present circumstances.

## FOURTEENTH DEFENSE

To the extent ReShape acquired knowledge of a characteristic of the product that may cause damage and the danger of such characteristic, if any, after the product left its control, it exercised reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

## FIFTEENTH DEFENSE

ReShape made no express warranty in the instant case.

## SIXTEENTH DEFENSE

To the extent ReShape is deemed to have made an express warranty in this case, which is denied, the product at issue conformed to the express warranty made.

## SEVENTEENTH DEFENSE

There was no reliance upon any labeling, warnings or information concerning the product at issue.

## EIGHTEENTH DEFENSE

Plaintiff's claims for negligence against ReShape are barred pursuant to Louisiana Revised Statutes §9:2800.52.

## NINETEENTH DEFENSE

ReShape owed and/or breached no duty.

**TWENTIETH DEFENSE**

At all relevant times, ReShape acted in compliance with all applicable statutes, regulations, ordinances, rules, or other standards, whether federal, state or local.

**TWENTY-FIRST DEFENSE**

All risks related to the allegations of the Second Amended Complaint for Damages were assumed.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims against ReShape are barred insofar as any alleged action or omission on the part of ReShape, which is denied, was not a direct, substantial, proximate or contributory cause of any alleged damages suffered or claimed by Plaintiff.

**TWENTY-THIRD DEFENSE**

The injuries at issue in this case, if any, pre-existed the subject occurrence, and the damages, if any, were directly and proximately caused or contributed to by the Plaintiff and/or Dr. Thomas Lavin and/or omissions of other parties to this action, and/or the acts and/or omissions of other individuals, firms, product manufacturers, corporations and entities over whom ReShape has no right of control and for whom ReShape is not legally responsible. Plaintiff's recovery, if any, must be diminished in accordance with the fault of all parties and non-parties.

**TWENTY-FOURTH DEFENSE**

The alleged incident made the subject of this action and the alleged damages sought herein, if any, were proximately caused by superseding and intervening causes.

**TWENTY-FIFTH DEFENSE**

Recovery must be barred, in whole or in part, to the extent there is or was a failure to mitigate the alleged injuries or damages at issue in this litigation.

## TWENTY-SIXTH DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault or liability, ReShape states that it is entitled to a full credit, offset, *pro rata* reduction, or percentage reduction, based on the percentage of fault attributable to each settling defendant, in the event Plaintiff settles with any defendant, pursuant to the applicable statutes.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims against ReShape are subject to set-off for any and all amounts received by Plaintiff is or was entitled pursuant to insurance policies and other benefits, including, but not limited to, any policies for disability and/or medical coverage. Plaintiff's claims against ReShape are also subject to a set-off for any and all amounts received by Plaintiff in satisfaction, compromise or settlement of her claims against other person(s) or entities, whether a party or non-party to this lawsuit, and whether settlement or compromise occurred prior to or after the filing of the original Second Amended Complaint.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred by equitable estoppel, laches, compromise, settlement and/or accord and satisfaction.

## TWENTY-NINTH DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress or similar damages because there is no fixed objective and/or clear and consistent standard under Louisiana law for ascertaining the amount thereof, such that any award of said damages against ReShape would violate the Fifth and Fourteenth Amendments to the United States Constitution and

Article 1, Section 6 of the Louisiana Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

## THIRTIETH DEFENSE

ReShape pleads the benefits and protections of Louisiana Civil Code article 2323, *et. seq.*, and specifically pleads the comparative fault of Plaintiff and other persons and/or entities, notwithstanding the immunity or insolvency of the said persons or entities.

## THIRTY-FIRST DEFENSE

Any damages incurred were the result of an Act of God.

## THIRTY-SECOND DEFENSE

ReShape avers that, whether in whole or in part, Plaintiff's claims have prescribed, or, if federal law or the law of a state other than Louisiana is determined to apply, Plaintiffs' claims are time barred under the applicable federal and/or State laws.

## THIRTY-THIRD DEFENSE

ReShape hereby gives notice that it intends to rely on other defenses that may become available or apparent during the course of discovery and thus, reserves its right to amend its Answer to assert any such defense.

**WHEREFORE,** Defendant, ReShape Lifesciences, Inc. f/k/a Enteromedics Incorporated ("Reshape"), prays that its Answer and Affirmative Defenses be deemed good and sufficient and that after due proceedings are had, judgment be rendered in ReShape's favor and against Plaintiff at Plaintiff's sole cost and expense.

Respectfully submitted,


___/s/ Rachel G. Webre_____
RACHEL G. WEBRE (No. 26907)
TUCKER T. BOHREN (No. 37039)
Email:          rwebre@glllaw.com
                    tbohren@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone:     (504) 561-0400
Facsimile:      (504) 561-1011
*Counsel for Defendant, ReShape Lifesciences
Incorporated f/k/a Enteromedics Incorporated*


## CERTIFICATE OF SERVICE


I hereby certify that a copy of the above and foregoing notice of removal has been served

upon all counsel of record, via the Court's CM/ECF system


___/s/ Rachel G. Webre_____
RACHEL G. WEBRE