UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PAUL VESOULIS                         CIVIL ACTION NO. 19-CV-01795-MLCF-DMD

                                      JUDGE MARTIN L.C. FELDMAN

VERSUS

RESHAPE LIFESCIENCES,
f/k/a  ENTEROMEDICS                    MAGISTRATE JUDGE DANA M. DOUGLAS
INCORPORATED, ET AL

**********************************************************************************

<u>**RESPONSE TO STATEMENT OF UNCONTESTED FACTS,  STATEMENT OF CONTESTED FACTS AND REQUEST FOR FRCP RULE 56 (D)(1) RELIEF**</u>

NOW INTO COURT, through undersigned counsel, comes plaintiff, Paul Vesoulis, who hereby requests that this motion be denied without prejudice to reassert same, or, that a ruling be deferred until the close of discovery pursuant to FRCP Rule 56(d), and pursuant to LR 56.2 responds to the Statement of Uncontested Facts set forth by defendant, ReShape Lifesciences, Inc. f/k/a Enteromedics, Inc., (hereinafter "ReShape"), and sets forth plaintiff's Statement of Contested Facts which present issues for trial.

<u>**REGUEST FOR FRCP RULE 56(d) RELIEF**</u>

Reshape has thus far refused to submit to an FRCP Rule 30(b)(6) deposition or to provide the addresses and contact information of Mary Lou Mooney, Diane Begovich and Deborah Schmalz, persons  it has set forth in the Witness List filed herein, such that the witnesses might be subpoenaed for depositions.  Plaintiff has been requesting an FRCP Rule 30(b)(6) deposition from

Reshape since March 2020 and forwarded a deposition notice tailored to the limited allegations of the Amended Complaint Doc. 25 at that time.

Since the medical malpractice claims have been added the parties have deposed Dr. Lavin (deposed previously and cross-noticed in this case, Reshape attended and questioned the witness), the three Medical Malpractice Panel Members, Drs. Baker, Woolridge and Richardson, plaintiff's bariatric surgeon Dr. Eric Bour, and Dr Knight Worley.  All of the depositions have taken place by Zoom video conferencing.  Pursuant to an email request for remaining deposition dates, Ex. A, the parties have scheduled the depositions of Dr. George Samaras, FDA witness, Ms. Sally Maher, Reshape's FDA witness, Jennifer Perriloux, Laura Boyer, Ramsey Schmitz Hare, Rachel Moore, and are scheduling the depositions of radiologists Drs. Richard Vanderbrook and Dr. Justin Owens. These depositions would have been taken before September 15, 2020, the prior discovery cutoff. With the cooperation of opposing counsel the medical malpractice claims will be prepared to proceed.  Plaintiff, faced with a discovery cutoff and Reshape's refusal to allow discovery, had no choice but to file a Motion to Compel.  Doc. 53.  In response to plaintiff's Motion to Compel, and instead of cooperating and producing witnesses, Reshape has filed the instant Motion for Summary Judgment.

The discovery deadline in this case is now December 14, 2020.  Pursuant to FRCP Rule 56(d) plaintiff respectfully requests that this motion be denied without prejudice to reassert same, or, that a ruling be deferred until the close of discovery.  See, FRCP Rule 56(d) Declaration Ex. B.

<u>RESPONSE TO STATEMENT OF UNCONTESTED FACTS</u>

Pursuant to LR 56.2 plaintiff responds to the Statement of Uncontested Facts set forth by defendant, ReShape, and sets forth a Statement of Contested Facts which require resolution by the factfinder:

## <u>STATEMENT OF UNCONTESTED FACT 1:</u>

1. In Plaintiff's Petition, filed January 10, 2019, Plaintiff asserts that ReShape, as manufacturer of the balloon, is liable under the Louisiana Products Liability Act ("LPLA") because the product was allegedly unreasonably dangerous in its (1) construction or composition; (2) design; and (3) inadequate warning. See R. Doc. 1-2, ¶7.

## <u>RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 1:</u>

It is uncontested that plaintiff filed his original Petition in state court on January 10, 2019 which action was removed to this Court by ReShape.  It is also uncontested that this Petition was replaced in its entirety, with no referral to or adoption of the Petition filed in state court, by an Amended Complaint (Rec. Doc. 25) which alleged failure to comply with the Food and Drug Administration's (FDA) Premarket Approval Order of this Class III medical device, federal regulations and the parallel provisions of La. R.S. 9:2800.57(A) and (C) which claims are not preempted.

3

## STATEMENT OF UNCONSTESTED FACT 2:

2. In Plaintiff's Amended Complaint, filed December 13, 2019, Plaintiff, asserts that ReShape "is liable based solely upon [its] failure to comply with the PMA Approval Order and applicable FDA regulations, and thereby, is also liable under the Louisiana Products Liability Act's parallel provisions regarding failure to warn, La. R.S. 9:2800.57(A) and breach of the defendants post-sale duty to warn, La. R.S. 9:2800(C)." See R. Doc. 25, ¶7.

## RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 2:

It is uncontested that plaintiff filed his original Petition in state court on January 10, 2019 which action was removed to this Court by ReShape. It is also uncontested that this Petition was replaced in its entirety, with no referral to or adoption of the Petition filed in state court, by an Amended Complaint (Rec. Doc. 25) which alleged failure to comply with the Food and Drug Administration's (FDA) Premarket Approval Order of this Class III medical device, federal regulations and the parallel provisions of La. R.S. 9:2800.57(A) and (C) which claims are not preempted. It is further uncontested that the Amended Complaint (Rec. Doc. 25) makes assertions and allegations that should be read as a whole.

## STATEMENT OF UNCONSTESTED FACT 3:

3. In his Amended Complaint, Plaintiff makes a separate claim that ReShape is "liable for failing to comply with the Premarket Approval Order issued by the FDA and applicable FDA regulations…regarding labeling and warnings" and reporting

4

instances of death or serious injury through the required filing of MAUDE reports

with the FDA. See R. Doc. 25, ¶8.

**RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 3:**

It is uncontested that plaintiff filed his original Petition in state court on January 10, 2019

which action was removed to this Court by ReShape.  It is also uncontested that this Petition was

replaced in its entirety, with no referral to or adoption of the Petition filed in state court, by an

Amended Complaint (Rec. Doc. 25) which alleged failure to comply with the Food and Drug

Administration's (FDA) Premarket Approval Order of this Class III medical device, federal

regulations and the parallel provisions of La. R.S. 9:2800.57(A) and (C) which claims are not

preempted.  It is further uncontested that the Amended Complaint (Rec. Doc. 25) makes assertions

and allegations that should be read as a whole.  This is not a separate claim.

**STATEMENT OF UNCONTESTED FACT 4:**

4. In response to Plaintiff's Petition and Amended Complaint, ReShape filed

answers denying all liability claims, and asserted federal preemption under 21

U.S.C. § 360k(a) as an affirmative defense. See R. Doc 22, aff. def. 35; R. 30, aff.

Def. 35.

**RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 4:**

Denied. ReShape's Answer to the First Amended Complaint is found at Doc 30, (not Doc.

22), but the Thirty Fifth Affirmative defense is the same and reads as follows:

"Plaintiff's state law tort claims brought pursuant to the Louisiana Products Liability Act,

9:2800, *et. seq.,* are preempted by the Medical Device Amendments of 1976, 21 U.S.C. § 360k(a), as the Integrated Dual Balloon is a Class III medical device and has received premarket approval by the United States Food and Drug Administration".

Paragraph 7-9 of the Plaintiff's First Amended Complaint Doc. 25 reads as follows:

7.

"The ReShape Duo Gastric Balloon is a Class III Medical Device which received Premarket Approval by the United States Food and Drug Administration. Plaintiff herein alleges that defendant is liable based solely upon defendant's failure to comply with the PMA Approval Order and applicable FDA regulations, and thereby, is also liable under the Louisiana Products Liability Act's parallel provisions regarding failure to warn, La. R.S. 9:2800.57(A) and breach of the defendants post-sale duty to warn, La. R.S. 9:2800(C), which claims are not preempted by the preemption provisions of 21 U.S.C. §360k of the Medical Device Amendments. See, e.g. *Hughes v. Boston Scientific Corp.,* 631 F.3d 762 (5th Cir. 2011), *Busch v. Thoratec Corp.,* 2012 WL 2513669 (E.D. La. 6/28/2012).

8.

Plaintiff alleges that the defendant is liable for failing to comply with the Premarket Approval Order issued by the FDA and applicable FDA regulations, including but not limited to those contained in 21 C.F.R. §801, 21 C.F.R.§120 and 21 C.F.R. §803... Defendant failed to comply with FDA regulations regarding labeling and warnings, <u>failed to comply with FDA regulations regarding communicating instances of death or serious injury</u> and failed to comply

6

with FDA regulations regarding the reporting of instances of death or serious injury through the

required filing of MAUDE reports with the FDA". (emphasis added).

**STATEMENT OF UNCONSTESTED FACT 5:**

5. The Integrated Dual Balloon is a temporary weight-loss medical device. See,

ReShape Integrated Dual Balloon System Instructions for Use, attached hereto as

Ex. "A," at ReShape-000002.

**RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 5:**

Uncontested.  This is a purely elective procedure.

**STATEMENT OF UNCONSTESTED FACT 6:**

6. The balloon is designed to occupy space in the stomach and produce a sensation

of satiety to promote weight loss. See id.

**RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 6:**

Denied as written.  While this was ReSahpe's claim to the FDA, the PMA required

ReShape to file Annual Reports and conduct PAS to further verify their claims.

**STATEMENT OF UNCONSTESTED FACT 7:**

7. Treatment associated with the balloon occurs in three phases:

1) Implement phase: A trained medical doctor delivers the balloon down the

esophagus and implants the device in a patient's stomach via a delivery catheter.

See id.

7

2) Monitoring phase: Once inserted, the balloon is inflated and left in the stomach for up to six months. While the balloon is inside of a patient's stomach, the patient is under medical supervision. See id.

3) Explanation: A trained medical doctor removes the balloon from the patient's stomach. See id.

### RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 7:

This set of statements are generally uncontested.

### STATEMENT OF UNCONTESTED FACT 8:

8. The known risks associated with the implant and explant procedures include potential esophageal perforation, pancreatitis, and death. See id. at ReShape-000004-7.

### RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 8:

Denied.   The Instructions for Use states:  "It is important to discuss all possible complications and adverse events with the patients".  How is a treating physician to discuss adverse events not made known to him by ReShape? The risk of death from esophageal perforation was known to ReShape.  The risk of death from aspiration was known to ReShape.  These risks were not made known to Dr. Lavin, SSL or the plaintiff.

Further, this statement is incomplete and misleading. The ReShape Instructions for Use, Exhibit A to the MSJ, is only provided to physicians. It only warns of death "due to intestinal obstruction" related to the ReShape device (irrelevant in this case).  It does not warn that the

ReShape device was associated with two deaths, one from esophageal perforation, prior to plaintiff's implant.  Once the balloons are placed in a patient's stomach, they must be taken out. There is no choice as to an explant procedure.  The Instructions for Use do warn the physician that there is risk of 0.4% esophageal tears, which was not disclosed to plaintiff at the time the balloons were implanted and which is greater than that disclosed to plaintiff on January 11, 2018, prior to his implant removal as "occurring in less than 1 of 10,000 cases", see Exhibit D to MSJ.

**STATEMENT OF UNCONTESTED FACT 9:**

9. The balloon's labeling and marketing materials clearly indicate these known risks. See ReShape Labeling and Marketing Materials, attached hereto as Exhibit "B," at ReShape-000039, 109, 132, 134, 136,142, 147, 149, 202, 205.

**RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 9:**

Denied.  The statement "labeling and marketing materials clearly indicate these known risks" is untrue and misleading.  As shown in the Patient Information, Exhibit B attached to the MSJ:

a.       Patient-facing "labeling and warnings" are illegible and inappropriate under applicable FDA regulations, and while their specific content may fairly represent what was disclosed to the FDA prior to marketing, ReShape never disclosed (to the federal agency highly concerned about human factors and risk communication for lay persons) that their "labeling and warnings" would violate FDA regulation 21 CFR 801, Appendix. D, regarding the fundamental

principles of human factors, making same illegible and not useful for their intended users (patients).

b.      As shown in Exhibit B, in the Patient Information there is no warning to the patient of possible death and there is certainly no warning of possible death by esophageal perforation or aspiration.  As to the Instructions for Use given only to the treating physician the only warning regarding the possibility of death is due to device migration causing bowel obstruction.  The risks that are disclosed to the patient, which do not mention the possibility of death at all, are in an illegible microscopic form that no reasonable person would attend.

### STATEMENT OF UNCONSTESTED FACT 10:

10. The ReShape Integrated Dual Balloon System Instructions for Use, which are provided to physicians who perform the implant and explant procedures, fully and unambiguously explains all known risks associated with the balloon. See Exhibit A, at ReShape-000004-23.

### RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 10:

Denied.  The statement, "fully and unambiguously explains all known risks associated with the balloon" is patently false.  The Instructions for Use, Exhibit A to the MSJ, clearly instructs the physician:  "There were no deaths, no device migrations out of the stomach and no intestinal obstructions".  Exhibit A to MSJ, ReShape 000008.  Yet Exhibit G to the MSJ, Figure 3 p. 15 clearly shows three deaths associated with the medical device (two before plaintiff was implanted and the third before he was explanted and received his surgical perforation).  Furthermore,

ReShape knew, or should have known, that other competing medical devices also were associated with patient deaths.

## STATEMENT OF UNCONSTESTED FACT 11:

11. The Integrated Dual Balloon System Instructions for Use instruct physicians to communicate all potential risks and complications to patients. See id. at ReShape-000005, 6 ("[I]t is the responsibility of the physician to advise the patient of known risks and complications associated with the procedure and the device.").

## RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 11:

Denied.   The Reshape Instructions for Use do not state all of the known risks.   The statement that it is "the responsibility of the physician to advise the patient of known risks and complications associated with the procedure and the device" is misleading and is an attempt to shift the burden of "labeling and warnings" away from ReShape and to the treating physician. While it is well understood that physicians have a bioethical duty to warn their patients of KNOWN risks, the key term here is "known".   That knowledge flows from the manufacturer. (Ex. "C"), affidavit of Dr. Eric Bour. If the manufacturer fails to warn, or hides salient information, that undermines the ability of the learned intermediary to completely and correctly provide fundamental information required for informed patient consent.   In fact, the ReShape Instructions for Use calls for the treating physician to discuss all "adverse events" with the patient.   Instruction for Use, Exhibit A to MSJ p. 4, ReShape 000006.   The treating physician cannot, and in this case

11

did not, discuss adverse events with the plaintiff because ReShape did not make them known to him.

**STATEMENT OF UNCONSTESTED FACT 12:**

12. On July 27, 2017, Plaintiff, an Ohio native, elected to have the balloon inserted by Dr. Thomas Lavin at Surgical Specialists of Louisiana, LLC in Metairie, Louisiana. See R. Doc. 1.2, ¶3.

**RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 12:**

Denied as written.  On July 27, 2017 based on the information and risks communicated to him plaintiff underwent the elective procedure of balloon placement.  Plaintiff did not on that date simply select Dr. Lavin.

**STATEMENT OF UNCONSTESTED FACT 13:**

13. Before the implant procedure, Plaintiff signed an informed consent form, provided by Dr. Lavin that informed Plaintiff of all risks associated with the procedure, specifically including "upper gastrointestinal tract or intra-abdominal organs including perforation (tearing)." See Endoscopic Balloon Procedure Consent Form, executed 7/27/17, attached hereto as Exhibit "C," at p. 1.

**RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 13:**

Denied.  This statement is misleading. The Informed Consent Form states "Death (very rare)" (see Exhibit C, page 1), which is false since two (2) deaths associated with the use of the ReShape device had already occurred in the past 16 months and the Patient Information from

12

ReShape says nothing about a risk of death. It also states (Exhibit C, page 2), referring to perforation that "these risks are rare". They are clearly not 1 in 10,000 (see #8 above) because ReShape documented that the risk was four (4) times greater. This is both a bioethical failure of ReShape and a failure to obtain valid informed consent from the patient by Dr. Lavin.

## STATEMENT OF UNCONSTESTED FACT 14:

14. Plaintiff's explant procedure occurred on January 11, 2018.

## RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 14:

This statement is uncontested.

## STATEMENT OF UNCONSTESTED FACT 15:

15. Before the explant procedure, Plaintiff signed another informed consent form, which notified him of the risks associated with the procedure, including "a risk of bleeding or perforation of the esophagus, stomach or duodenum." See Consent for Endoscopic Removal of Intragastric Balloon, executed 1/11/18, attached hereto as Exhibit "D," at p. 1.

## RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 15:

Denied.  This statement is false and misleading.  As stated in #8 above, plaintiff was asked on January 11, 2018 to sign a "form" claiming that the risk of perforation was 1:10,000, lower than the actual risk rate known to ReShape and disclosed in Exhibit A to the MSJ to Dr. Lavin but not disclosed to the plaintiff when the balloons were placed on July 27, 2017.  Plaintiff, therefore, did not provide informed consent for the explant procedure when he signed Exhibit D to the MSJ on

January 11, 2018.  Additionally, the explant Informed Consent under "Alternatives" states:  "There are currently <u>no</u> alternatives to removal of the intragastric balloon". (emphasis added).   Plaintiff was misinformed and mislead about the risks of esophageal perforation and death associated the ReShape procedure when the balloons were implanted on July 27, 2017.

<b><u>STATEMENT OF UNCONSTESTED FACT 16:</u></b>

16. On June 30, 2014, the balloon's PMA application was submitted to Center for Devices and Radiological Health of the FDA. See FDA Medical Device Database Website (www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfpma/pma.cfm?id=P140012), PMA of ReShape Integrated Dual Balloon System, printed page attached hereto as Exhibit "E."

<b><u>RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 16:</u></b>

Uncontested.

<b><u>STATEMENT OF UNCONSTESTED FACT 17:</u></b>

17. The FDA approved the application and found the balloon safe for commercial sale and distribution on July 28, 2015. See id.

<b><u>RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 17:</u></b>

It is uncontested that the FDA approved the PMA, however the approval was subject to the filing of Annual Reports, the conduct of a PAS with the proviso that "the results from any Post Approval Study should be included in the labeling as those results become available", compliance with reporting adverse events and that <u>all</u> "device labeling must be truthful and not misleading".

14

## STATEMENT OF UNCONTESTED FACT 18:

18. The balloon is classified as a Class III medical device. See id.

## RESPONSE TO STATEMENT OF ALLEGED UNCONTESTED FACT 18:

Uncontested.

## STATEMENT OF CONTESTED FACTS

The following facts are contested:

## CONTESTED ISSUE OF FACT 1:

Whether Paul Vesoulis D.D.S. (not M.D.) would have undergone this procedure at all had he been properly warned of the risks by Reshape, Dr. Lavin and/or LSS. Had plaintiff been warned of these deaths and the true risks involving this purely elective procedure he would have withheld his consent and declined the balloon placement on July 27, 2017. See, Affidavit of Paul Vesoulis, Ex. D. This presents an issue of fact that can be resolved only by the factfinder. The plaintiff's deposition has not even been taken. That deposition is scheduled for September 11, 2020. The degree of fault to be allocated among the parties presents issues enshrouded in fact.

## CONTESTED ISSUE OF FACT 2:

Whether the labeling in the Patient Information was false and misleading and, therefore, failed to comply with 21 U.S.C. §352 (A)(1), with the PMA Order and with FDA regulation 21 CFR § 801 regarding size and placement of warnings and with 21 CFR 814.84 because the prior deaths were not transmitted or made known to the treating physicians. See, Report of Dr. George Samaras Ex. G to Reshape MSJ, p. 19. Whether Reshape can hide behind the FDA or breached

its federal duties to warn, or whether the FDA actually approved the use of this microscopic print, present questions of fact.

## CONTESTED ISSUE OF FACT 3:

It is admitted by both Reshape (as of last Friday), Dr. Lavin and LSS that ReShape did <u>not</u> transmit the MDR reports from the March 22, 2016 of death secondary to esophageal perforation and May 10, 2017 of death from aspiration to Dr. Lavin or SSL. Ex. E.  ReShape failed to comply with 21 CFR § 814.39(d)(2) which does <u>not</u> require PMA supplements to be approved by the FDA prior to a labeling change.  Reshape's degree of fault and its reasons for not transmitting these adverse events, if any, are contested issues of fact as is culpability which must be weighed by the factfinder in assigning degrees of fault.  Compliance with 21 CFR 814.39 is called for in the PMA Order.

## CONTESTED ISSUE OF FACT 4:

Whether Reshape failed to comply with the PMA Order and 21 CFR 814.39 by not applying for a PMA Supplement when Reshape became aware of two (2) deaths involving its device presents an issue of contested fact.

## CONTESTED ISSUE OF FACT 5:

Whether ReShape, Dr. Lavin, or both were obliged to warn of "adverse events" as set forth in the Instructions for Use.

16

**CONTESTED ISSUE OF FACT 6:**

Whether ReShape violated 21 CFR 814.84 as set forth in the PMA Order by failing to supply information required in Annual Reports.

**CONTESTED ISSUE OF FACT 7:**

Whether the labeling was "false or misleading" under 21 U.S.C. § 352(A)(1), causation and degree of causation.

Plaintiff submits that the following facts are established by the documents produced by ReShape, demonstrate issues of fact and justify an FRCP Rule 30(b)(6) deposition of Reshape and depositions of Reshape's witnesses:

1.       On March 29, 2016 a patient receiving Reshape Dual Intragastric balloons died from sepsis secondary to esophageal perforation.  Ex. F, Reshape 048202-048204.  Reshape was notified on March 21, 2016.  Ex. F, Reshape 048203.  An MDR report was filed by Reshape.   The report states, "There is no <u>known</u> allegation from a healthcare professional that the patient death was related to the device."  (emphasis added).

2.  On July 25, 2016, ReShape filed with the FDA an Annual Report as required by 21 CFR 84 and the PMA.  Ex. E.  ReShape made no labeling changes.  Ex. G, p. 31, Reshape 146219.  The Instructions for Use continued to show zero (0) deaths.

2.       21 CFR 814.39(d)(1) and (d)(2), provide that the filing of a Post PMA Supplement and FDA approval thereof is <u>not</u> required before a labeling change is made for safety reasons.

17

(d)(1) After FDA approves a PMA, any change described in paragraph (d)(2) of this section to reflect newly acquired information that enhances the safety of the device or the safety in the use of the device may be placed into effect by the applicant prior to the receipt under §814.17 of a written FDA order approving the PMA Supplement.....

(2)     The following changes are permitted by paragraph (d)(1) of this section:

(i)     Labeling changes that add or strengthen a contraindication, warning, precaution, or information about an adverse reaction for which there is reasonable evidence of a casual association.

(ii)     Labeling changes that add or strengthen an instruction that is intended to enhance the safe use of the device.

(iii)     Labeling changes that delete misleading, false, or unsupported indications.

ReShape continued reporting that there had been <u>no</u> deaths of patients receiving the ReShape balloons to the patient and the treating physician.

3.     In January 2017, ReShape provided to the FDA an Amendment to PMA Annual Report P140012, Ex. H, Reshape 146413-146454, stating again that there were <u>no</u> labeling changes, Ex. H, p. 33, Reshape 146445 and adding two (2) research articles.

4.     On February 9, 2017, the FDA issued a "Dear Doctor Letter" warning of spontaneous hyperinflation of balloon after placement in patients and acute pancreatitis. Ex. I.

5.     In the February 2017 issue, the Journal of Anesthesia and Analgesia published a letter authored by Mark A. Burbridge, M.D. and Clarity Coffman, M.D., Depart of Anesthesiology, Perioperative and Pain Medicine, Stanford University School of Medicine, entitled **"High Risk of**

18

**Aspiration in Patients with ReShape Intragastric Balloon Weight Loss System".**  Feb. 2017,

Vol 124, Issue 2, p. 703.  Ex. J.

6.       On April 20, 2017, the FDA approved changes to the Instructions for Use and

Patient Information Guide for the ReShape balloons, Exhibit A and B to the MSJ of ReShape,

Docs. 54-4 and 54-5, to warn of acute pancreatitis.  There was no warning of death from esophageal

perforation or aspiration.

7.       On May 10, 2017, a patient receiving ReShape balloons aspirated and died. Ex. K,

Reshape 270206-270208.  Reshape was notified on May 11, 2017 and filed an MDR.

8.       On May 18, 2017, ReShape emailed to Dr. Lavin revised Instructions for Use,

which specifically provided at p. 5 that "It is important to discuss <u>all</u> possible complications <u>and</u>

<u>adverse events</u> with the patient".  (emphasis added).  Ex. L, p. 5, Reshape 000006 and Ex. A to

Reshape's MSJ (without Dr. Lavin email), Doc 54-4.  No mention is made of the possibility of

"death", in general, from esophageal perforation, aspiration, or otherwise in the Patient

Information Guide. Exhibit B to MSJ, Doc 54-5.  The word "death", in general, from esophageal

perforation or aspiration, similarly does not appear in the Instructions for Use, except and only in

the event the device deflates, migrates and causes a bowel obstruction.  Ex. A to Reshape's MSJ,

p. 6, ReShape-00007.  ("Death due to intestinal obstruction is possible and has been reported with

other intragastric balloons").   The only substantive change to the Instruction for Use was the

addition of the risk of acute pancreatitis.

19

9. It is admitted that MDR reports of the death from esophageal perforation on March 29, 2016 and from aspiration of May 10, 2017 were not provided by ReShape to Dr. Lavin or LSS. Ex. E.

10.     Plaintiff's balloons were inserted on July 27, 2017.

11.     21 CFR 814.84(b)(ii) provides that Annual Reports include:

"Reports in the scientific literature concerning the device and known to or that reasonably should be known to the applicant".

12.     On July 27, 2017, ReShape filed an Annual Report with the FDA.  Ex. M, Reshape 146833-146864.  Signed by Mary Lou Mooney, ReShape states that "There were no reportable label changes during the reporting period" which is noted to be July 5, 2016 to July 5, 2017.  (Ex. M, p. 23, ReShape 146841.  Further, ReShape does not list or alert the FDA to the article by Drs. Burbridge and Coffman in the Journal of Anesthesia and Analgesia, "High Risk of Aspiration in Patients with ReShape Intragastric Balloon Weight Loss System" in violation of the PMA and 21 CFR 814.84(b)(ii).  Ex. M p. 25, Reshape 146863.

13.     On August 10, 2017, (fourteen days after plaintiff was implanted) the FDA issued another "Dear Doctor Letter". Ex. N.  The FDA warned of five patient deaths.  Of note is that there was one death reported with "esophageal perforation with the ReShape Integrated Dual Balloon System".

14.     Also, on August 10, 2017 Ms. Mary Lou Mooney, ReShape Vice President, Regulatory, Clinical & Quality wrote to ReShape Health Care Providers.  Ex. O.  The letter

contains this sentence:  "ReShape has received one additional report of death from sepsis secondary to esophageal perforation..."  This death had occurred in March of 2016.  The letter says nothing about the May 2017 death from aspiration.

15.    On August 14, 2017 a patient of Dr. Lavin with ReShape balloons sustained a gastric perforation and had emergency surgery.  Ex. P.  Plaintiff was never advised of this event.

16.    The ReShape PAS Clinical Study Agreement, Ex. Q, states in paragraph 2.12 that:

> 2:12    Duty to Inform.  Sponsor [Reshape] and Institution [Dr. Lavin] shall immediately notify each other upon identifying any aspect of the protocol, including information discovered during site monitoring visits, or the study results that may adversely affect the safety, well-being, or medical care of participants, or that may affect the willingness of participants to continue participation in the research, influence the conduct of the study, or that may alter the Institutional Review Board's approval to continue the study.

17.    On August 15, 2017 Diane Begovich for ReShape communicated by email with Dr. Lavin's PAS coordinator, Jennifer Perilloux. Ex. R.  This email was produced by Dr. Lavin after he was brought into this case.

Ms. Begovich wrote:  "At his point, ReShape is leaving it to the sites to determine how to share info in the FDA update with current and future ReShape Procedure patients (both study and non-study participants)".

To which Ms. Perilloux replied:  "The statement under new findings states that any new information that is discovered during the study and which may influence your willingness to continue participation in the study will be made available to you.  I don't understand how the recent news would not need to made available to every study patient?"

21

Ms. Begovich makes it plain that prior patient deaths were not communicated to Dr. Lavin or SSL, whether study or non-study.  Ms. Perrilloux makes it equally plain that these prior adverse events of death should have been communicated.

Respectfully submitted,


/s/*Franklin G. Shaw*
LEGER & SHAW
Franklin G. Shaw, Bar No. 01594
Walter J. Leger, Jr., Bar No. 88278
512 E. Boston St.
Covington, LA 70433
Telephone: 985-809-6625
 Facsimile: 985-809-6626


CERTIFICATE OF SERVICE

I hereby certified that a copy of the above and foregoing pleading has been served upon all counsel of record by using the CM/ECF filing system, this 8th day of September 2020.


/s/*Franklin G. Shaw*
Franklin G. Shaw


22