UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL VESOULIS | CIVIL ACTION NO. 19-CV-01795-MLCF-DMD |
| | JUDGE MARTIN L.C. FELDMAN |
| VERSUS | |
| | MAGISTRATE JUDGE DANA M. DOUGLAS |
| RESHAPE LIFESCIENCES, f/k/a ENTEROMEDICS INCORPORATED | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>SUR-REPLY BRIEF</u>

MAY IT PLEASE THE COURT:

Plaintiff is compelled respond to ReShape Lifesciences, Inc.'s (hereinafter ReShape) Supplemental Memorandum.

Reshape asserts that "...depositions will not provide any information not already included in the approximately 270,000 pages of documents produced by ReShape in discovery regarding its manufacture of the Dual Intra-Gastric Balloon (the "Balloon")". It is true that ReShape has deluged plaintiff with mountains of documents, each scanned to separate pdf files, many just blank pages, with nothing but ReShape's logo or the designation "Native file", regarding the "manufacture" of the balloons.

It is also true that plaintiff's claims prior to the Pre-Market Approval (PMA) of the balloons by the FDA on July 28, 2015 are preempted and plaintiff has <u>not</u> asserted such claims. Rec. Doc 25. Plaintiff <u>has</u> asserted parallel claims for failure to warn post-PMA approval which claims are not preempted. See, *Hughes v. Boston Scientific Corp.*, 631 F.2d 762 (5th Cir. 2011) and *Busch v.*

*Thoratec Corp.*, 2012 WL 2513669 (E.D. La. 6/28/12) which are specifically cited in the Amended Complaint.  Rec. Doc 25, p. 3.  The majority of these documents are, therefore, useless.  ReShape next asserts that plaintiff cannot set out "a justiciable claim", which is simply not true in light of the cases referenced above and cited in the Amended Complaint, Rec. Doc. 25.  Lastly, Reshape characterizes plaintiff's narrowly tailored request for an FRCP Rule 30(b)(6) corporate deposition and three (3) witness addresses as a "fishing" expedition.  Nothing could be further from the truth.

Two recipients of the ReShape balloons died post-PMA but before the plaintiff's balloons were inserted July 27, 2017.  ReShape admits that it did not advise the plaintiff's treating physician of these deaths, instead representing to him that there were "<u>no deaths</u>".  Just fourteen days after plaintiff's balloons were inserted, plaintiff's treating physician was advised by ReShape of these deaths in a letter from requested witness Mary Lou Mooney which statedthat in addition to a death by aspiration in May of 2017 that "ReShape has received one additional report of death from sepsis secondary to esophageal perforation", Ex. "A", exactly the same injury suffered by plaintiff, esophageal perforation.

Plaintiff has stated in his affidavit <u>and</u> his deposition that if he had been advised of these deaths he would not have undergone this purely elective procedure.  ReShape and Ms. Mooney should explain, if they can, why plaintiff's treating physician was not advised of these risks.  Additionally, ReShape and Ms. Begovich should explain, if they can, why Post Approval Study (PAS) patients were similarly not advised of these risks, Ex. "B", as stated in Ms. Begovich's email, which was produced not by ReShape but by plaintiff's treating physician.  Lastly, ReShape and Ms. Schmalz should explain, if they can, why these risks <u>are</u> disclosed sfter the plaintiff's

procedure, but before the product was removed from the market on December 31, 2018. See, e.g. Ex. "C". 21 CFR 814.39 (d) obligates ReShape to warn of such "newly acquired information". Rec. Doc. 62, p. 10-11.

ReShape has not offered a single fact witness in this case. To characterize plaintiff's Motion to Compel as a "fishing" expedition and "unduly burdensome" is patently unfair.

Respectfully submitted,

/s/*Franklin G. Shaw*
LEGER & SHAW
Franklin G. Shaw, Bar No. 01594
Walter J. Leger, Jr., Bar No. 88278
512 E. Boston St.
Covington, LA 70433
Telephone: 985-809-6625
Facsimile: 985-809-6626

## CERTIFICATE OF SERVICE

I hereby certified that a copy of the above and foregoing pleading has been served upon all counsel of record by using the CM/ECF filing system, this 23rd day of October 2020.

/s/ Franklin G. Shaw
FRANKLIN G. SHAW
