UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL VESOULIS                                            CIVIL ACTION 19-1795

VERSUS                                                         JUDGE FELDMAN

RESHAPE LIFESCIENCES INC.                       MAGISTRATE JUDGE DOUGLAS

**DEFENDANT, RESHAPE LIFESCIENCES, INC.'S
MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA**

Defendant, Reshape Lifesciences, Inc., asks the Court to quash the premature and unduly burdensome subpoena issued on October 22, 2020, and served on November 2, 2020, by Plaintiff, Dr. Paul Vesoulis, to ReShape Lifesciences Inc. See Subpoena to ReShape Lifesciences Inc. dated 10/22/20, attached hereto as Exhibit A. The subpoena sets ReShape's corporate deposition to occur on November 20, 2020. This deposition is the subject of a Motion to Compel that was filed by plaintiff and opposed by ReShape; however, rather than await the Court's ruling, plaintiff unilaterally selected a date and time and served ReShape with a subpoena. For the reasons set forth in its Memorandum in Opposition to Motion to Compel and in its Motion for Summary Judgment, ReShape seeks an Order quashing the subpoena served upon it by Dr. Vesoulis.

As this Court is aware, plaintiff, Dr. Vesoulis, filed suit against ReShape alleging that he suffered injuries and damages arising from procedures involving a medical device—specifically, the Endoscopic ReShape Integrated Dual Balloon (the "balloon"). See R.Doc. 1.2. In his Petition, Dr. Vesoulis asserts that ReShape, as manufacturer of the balloon, is liable under the Louisiana Products Liability Act. See R. Doc. 1.2, ¶ 7. In response to Dr. Vesoulis' written discovery requests, ReShape has produced approximately 270,000 pages of documents regarding its manufacture of the balloon and regulatory compliance. Even with all of the evidence produced in this case, Dr. Vesoulis still has not and cannot state a justiciable claim against ReShape under any

applicable law. Dr. Vesoulis sought to depose ReShape in hopes of finding support for his claims; however, there is no information that any current or former employee of ReShape can offer that would help plaintiff to create a claim where none exists now. Plaintiff asserts a failure to warn claim against ReShape, but all of its warnings and labeling directed to potential patients and to health care providers is either public record maintained on the FDA's database, or it has already been produced by ReShape. All adverse events occurring with patients who had the balloon were reported to the FDA within the time delay allowed by the Food Drug and Cosmetic Act,[1] and all such reporting is public record. There is no additional information that would help plaintiff to craft a failure to warn claim that he does not already have.

In fact, ReShape's deposition would be an unduly burdensome and costly process,[2] which would not provide additional useful information. Further, ReShape has complied with its discovery obligations and produced all documents and information in its possession. On this basis, ReShape has not been presented for its deposition.

Dr. Vesoulis filed a Motion to Compel (R. Doc. 53), seeking to force ReShape to incur the significant costs associated with its corporate deposition. To date, the Court has not ruled on Dr. Vesoulis' Motion to Compel. Nonetheless, on November 2, 2020, Dr. Vesoulis served a subpoena on ReShape Lifesciences, Inc. commanding its testimony and production of documents on or before November 20, 2020.

ReShape filed a Motion for Summary Judgment to obtain a dismissal of Dr. Vesoulis' claims against it as a matter of law (R. Doc. 54), and an Opposition and Supplemental Opposition to Dr. Vesoulis' Motion to Compel (R. Docs. 56, 72). The law and argument contained in these

---

[1] Of the almost 200 events within the relevant time frame, only three were filed outside of the 30 day time frame allowed by the Medical Device Reporting regulations, and those were only a few days late.
[2] ReShape has not marketed this product for over two years, and none of the employees that were involved in researching and marketing the product work for the current iteration of the company.

ReShape filings further support this Motion to Quash the Subpoena issued to ReShape and are incorporated herein as if copied *in extenso*.

Considering its compliance in written discovery, ReShape's deposition is a waste of time and resources. Furthermore, in light of the pending Motion to Compel, Dr. Vesoulis' subpoena is premature. For these reasons, and the reasons outlined in ReShape's Motion for Summary Judgment and Oppositions to Dr. Vesoulis' Motion to Compel, ReShape asks the Court to quash the subpoena.

Respectfully submitted,

/s/Tucker T. Bohren
RACHEL G. WEBRE (26907)
TUCKER T. BOHREN (37039)
GIEGER, LABORDE & LAPEROUSE, L.L.C
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone:   (504) 561-0400
Facsimile:    (504) 561-1011
*Counsel for Defendant, ReShape Lifesciences Incorporated f/k/a Enteromedics Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings has been electronically filed this date and delivered to all counsel of record by Notice of Electronic Filing from the Court, by depositing a copy of same in the United States mail, first class postage prepaid and properly addressed, by hand delivery, via facsimile transmission or via electronic mail from the undersigned counsel, this 4th day of November, 2020.

/s/Tucker T. Bohren