AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| PAUL VESOULIS | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 19-CV-01795 |
| RESHAPE LIFESCIENCES, f/k/a ENTEROMEDICS INCORPORATED, ET AL | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: RESHAPE LIFESCIENCES, through their attorney of record: Rachel Webre, Gieger, LaBorde & Laperouse, L.L.C
One Shell Square, 701 Poydras Street, Suite 4800, New Orleans, LA 70139
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
SEE ATTACHED NOTICE OF VIDEO DEPOSITION PURSUANT TO RULE 30(b)(6) & 30(b)(5) OF RESHAPE LIFESCIENCES

| Place: Gieger, LaBorde & Laperouse, L.L.C. One Shell Square, 701 Poydras Street, Suite 4800 New Orleans, LA 70139 | Date and Time: 11/20/2020 10:00 am |
|---|---|

The deposition will be recorded by this method: Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHED NOTICE OF VIDEO DEPOSITION PURSUANT TO RULE 30(b)(6) & 30(b)(5) OF RESHAPE LIFESCIENCES

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/22/2020

CLERK OF COURT

_____     OR     _____
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* PAUL VESOULIS
_____, who issues or requests this subpoena, are:
Franklin G. Shaw, LEGER & SHAW, 512 E. Boston St., Covington, LA 70433, fshaw@legershaw.com 985 809-6625

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 19-CV-01795

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL VESOULIS | CIVIL ACTION NO. 19-CV-01795-MLCF-DMD |
| VERSUS | JUDGE MARTIN L.C. FELDMAN |
| RESHAPE LIFESCIENCES, f/k/a ENTEROMEDICS INCORPORATED | MAGISTRATE JUDGE DANA M. DOUGLAS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF VIDEO DEPOSITION PURSUANT TO RULE 30(b)(6) & 30(b)(5) OF RESHAPE LIFESCIENCES, f/k/a ENTEROMEDICS

NOW INTO COURT, through undersigned counsel, comes PAUL VEOUSLIS who will take the corporate video deposition pursuant to Fed. R. Civ. P. 30(b)(6) and 30(b)(2) including introduction into evidence at trial of RESHAPE LIFESCIENCES, f/k/a ENTEROMEDICS INCORPORATED on the 20th day of November, 2020 at 10:00 a.m., at the law office of Gieger, LaBorde & Laperouse, L.L.C., One Shell Square, 701 Poydras Street, Suite 4800, New Orleans, LA 70139 before a court reporter who is a disinterested party and is authorized to administer the oath. You are invited to appear and take part as you may deem appropriate Pursuant to Fed. R. Civ. P. Rule 30(b)(6) please designate a witness or witnesses with knowledge to testify as to the following matters:

1. The identity of all persons who communicated in any fashion with Dr. Thomas Lavin, his office or staff post-PMA regarding the device placed in plaintiff, or the ReShape Integrated Dual Balloon in general and the contents of all such communications.

2. All post-PMA incidences of any patients suffering adverse consequences during the use of a ReShape Integrated Dual Balloon.

3. All post-PMA testing or evaluation conducted regarding the ReShape Integrated Dual Balloon.

4. All post-PMA communications, MDR's, Medwatch reports, other reports or any other communications with the federal Food and Drug Administration ("FDA") relating to the ReShape Integrated Dual Balloon.

5. The case name, court, and case number all lawsuits filed asserting post-PMA occurrences that relate to the ReShape Integrated Dual Balloon.

6. Any injury or death involving The ReShape Integrated Dual Balloon inserted post PMA.

7. The decision to report or not report all post-PMA incidents regarding the ReShape integrated Dual Balloon to the FDA and whether or not to advise all Principal Investigators or Reshape customers of any adverse events.

8. All facts and communications regarding the death from esophageal perforation with the ReShape Integrated Dual Balloon System referenced in Lavin Ex. 12.

9. All facts and communications to or from Dr. Thomas Lavin, and/or Surgical Specialists of Louisiana, LLC, or any other Principal Investigators, regarding the death from esophageal perforation referenced in Lavin Ex. 12.

10. All facts and communications to or from Dr. Thomas Lavin and/or Surgical Specialists of Louisiana, LLC of any adverse events involving patients who had undergone the Reshape Dual Intra-gastric balloon procedure, including but not limited to Med Watch Report 3007934906-2016-00006, Event Date 03/20/16, Woolridge Ex. 7, and, Med Watch Report

2

3007934906-2017-00015, Event Date 05/10/2017, Woolridge Ex. 5.

11. The contents, meaning and purpose of Reshape's "Revised Labeling" referenced in Mary Lou Mooney's email of May 18, 2017, Reshape 000001, Woolridge Ex. 4.

12. The contents, meaning and purpose of Mary Lou Mooney's letter of August 10, 2017.

13. The contents, meaning and purpose of the August 15, 2017 emails from and to Diane Begovich and Jennifer Perilloux

Further, pursuant to Fed. R. Civ. P. Rule 30(b)(2) and Rule 34 please produce the following:

1. All documents or electronically stored correspondence, emails, tests, reports or data post-PMA relating to ReShape Integrated Dual Balloon.

2. All documents or electronically stored correspondence, emails, tests, reports or data that relate to post-PMA events or incidences involving patients who underwent the ReShape Integrated Dual Balloon procedure.

3. All documents or electronically stored correspondence, emails, tests, reports or data, MEDWATCH, FDA eMDR Generated Form 3500A, MAUDE reports, complaints, complaint forms, or complaint summaries, emails, correspondence, news, internet or any other reports that relate to the ReShape Integrated Dual Balloon post-PMA approval through present.

4. All documents or electronically stored correspondence, emails, tests, reports or data, or any other documents between the defendant or its' predecessor and the United States government or any agency thereof, including without limitation, the federal Food and Drug

3

Administration that relate to the ReShape Integrated Dual Balloon system post-PMA through present.

5. All documents or electronically stored correspondence, emails, tests, reports or data or any other documents that relate to the ReShape Integrated Dual Balloon including but not limited to any communications to or from doctors and/or patients post PMA, inclusing Dr. Thomas Lavin and/or Surgical Specialists of Louisiana, LLC.

6. All documents or electronically stored correspondence, emails, tests, reports or data or any other documents that relate to the sale and/or distribution of the ReShape Integrated Dual Balloon post-PMA to the present.

7. All documents or electronically stored data that relate to any complaints made about the ReShape Integrated Dual Balloon post PMA. This request specifically includes the Complaint File post-PMA of the defendant.

8. All documents or electronically stored correspondence, emails, tests, reports or data that relate to the incident at issue in this case.

9. All documents and correspondence to or from Dr. Lavin or Surgical Specialist of Louisiana.

10. All documents or electronically stored correspondence, emails, tests, reports, medical records, statements, other documents regarding the death and esophageal perforation with the ReShape Integrated Dual Balloon System referenced in Lavin Ex. 12 dated August 10, 2017.

11. A full and complete copy of Reshape's "Revised Labeling" referenced in Mary Lou

4

Mooney's email of May 18, 2017, Reshape 000001, Woolridge Ex. 4.

Respectfully submitted,

Franklin G. Shaw, La. Bar No. 015
Walter J. Leger, Jr., La. Bar No. 08278
LEGER & SHAW
512 East Boston Street
Covington, Louisiana 70433
Telephone: (985)809-6625
Facsimile: (985)809-6626

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail, facsimile transmission or by placing same in the U.S. Mail postage prepaid and properly addressed this 22 day of October 2020.

**FRANKLIN G. SHAW**