UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL VESOULIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-1795** |
| **RESHAPE LIFESCIENCES INC., ET AL.** | **SECTION "F" (3)** |

## ORDER

Before the Court is Plaintiff's Motion to Compel filed by Paul Vesoulis ("Dr. Vesoulis"), which seeks to compel the corporate deposition of defendant, Reshape Lifesciences, Inc. ("Reshape") (Rec. Doc. No. 53). The motion and supplemental memoranda filed by Dr. Vesoulis also seek to compel the defendants in this action to produce the addresses of certain potential witnesses, to identify their insurers, and produce their insurance policies. (Rec. Doc. Nos. 53, 71, and 80). Reshape opposes the motion. (Rec. Doc. Nos. 56, 78). Defendants Thomas Lavin, M.D. ("Dr. Lavin") and Surgical Specialist of Louisiana, LLC ("SSL") have also filed an opposition. (Rec. Doc. No. 59). Having considered the written submissions of the parties, the record, and applicable law, the Court rules as follow.

I.  **BACKGROUND:**

This matter arises from an alleged esophageal perforation sustained by Dr. Vesoulis on January 11, 2018 when Dr. Lavin removed the Reshape Dual Intra-Gastric Balloons ("the Balloon") from Dr. Vesoulis' stomach. The Balloon is manufactured and sold by Reshape. Dr. Vesoulis alleges that he contracted sepsis secondary to the esophageal perforation.

Dr. Vesoulis contends that Reshape is liable under the Louisiana Products Liability Act for an alleged failure to warn and breach of post-sale duty to warn. Specifically, Dr. Vesoulis contends

that Reshape failed to comply with the Pre-Market Approval Order and Food and Drug Administration ("FDA") regulations.

Dr. Vesoulis argues that he is entitled to take the Rule 30(b)(6) deposition of Reshape. Dr. Vesoulis also asks the Court to order defendants to produce the addresses of Mary Lou Mooney, Diane Begovich, Jennifer Perilloux, Laura Boyer, and Ramsey Schmitz Hare. Finally, Plaintiff asks the Court to order the defendants to identify their insurers and produce their insurance policies.

Reshape argues that the exhibits attached to the motion to compel do not show that Reshape failed to comply with its obligations to the FDA. Reshape also argues that the record establishes that it and Dr. Lavin met their obligations to warn Dr. Vesoulis, Dr. Vesoulis cannot prove a breach in any obligation on its part, and Dr. Vesoulis cannot state a justiciable claim.

Reshape further argues that it has provided over 270,000 pages in discovery, but Plaintiff now seeks the corporate deposition of the company. Reshape argues that conducting a corporate deposition would be unduly burdensome and impose unnecessary cost because: (1) the Balloon is no longer marketed or sold by Reshape; (2) the personnel who developed, marketed and sold the Balloon are no longer employed at Reshape; (3) many man hours would be required to search the records and emails of Reshape; (4) the preparation of witnesses and former employee who live throughout the country will take a significant amount of time and take the witnesses away from their jobs; and (5) plaintiff has failed to state a claim against Reshape.  Reshape asserts that the corporate deposition will not address anything not already covered in the 270,000 documents that is has produced regarding the Balloon.

Dr. Lavin and SSL filed a separate opposition contending that they have produced witnesses, declarations pages, and other information requested. Specifically, defendants argue that

the addresses of Jennifer Perilloux and Laura Boyer are no longer necessary because counsel for Dr. Lavin and SSL is working to schedule their respective depositions. Defendants point out that the scheduling of Ms. Ramsey Hare's deposition is also being discussed between the parties. Dr. Lavin and SSL further note that they produced the declarations page identifying their insurer. Plaintiff did not dispute the assertions of Dr. Lavin and SSL in its Supplemental Memorandum in Support of Motion to Compel, which seeks only the production of contact information of Mary Lou Mooney and Diane Begovich (Rec. Doc. No. 71).

## II.     LAW AND ANALYSIS

### A. Corporate Deposition of Reshape

Federal Rule of Civil Procedure ("Rule") 30(b)(6) "allows parties to obtain testimony from a corporation, provided the party describes with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Thereafter, the named organization "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.* The scope of a corporate deposition is limited by Federal Rule of Civil Procedure 26. *Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc.*, No. 2020 WL 6483117, at *2 (E.D. La. Nov. 4, 2020) (citing *Clemons v. Hartford Ins. Co. of Midwest*, No. CIV.A. 07-8917, 2009 WL 1605154, at *3 (E.D. La. June 5, 2009). A party may depose any person, including a party, without leave of court except as provided in Rule 30(a)(2).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense," and that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the

3

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc.*, 2020 WL 483117, at *2 (E.D. La. Nov. 4, 2020). Thus, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Frischhertz v. SmithKline Beecham Corp.,* 2012 WL 12987057, at *3 (E.D. La. June 29, 2012) (citing *Piazza's Seafood World, L.L.C. v. Odom*, 2011 WL 3664437, at *2 (M.D. La. Aug. 19, 2011)).

Reshape makes no argument that the propounded deposition notice is not reasonably particular or that the information is not relevant and proportional to the claims or defenses at issue in the suit. They merely assert that Dr. Vesoulis fails to state a cause of action against Reshape based on the facts alleged in the underlying suit and that discovery related to those claims is unduly burdensome. Even if the Court agrees that Dr. Vesoulis may ultimately fail to prove the claims as alleged in the instant lawsuit, Dr. Vesoulis is entitled to test those claims through appropriate discovery methods. The 30(b)(6) notice appears to be reasonable and particular to the claims and defenses as they currently exist in the lawsuit. Furthermore, the discovery request appears to be relevant and proportional to the Plaintiff's failure to warn claim. The request appears to be directed at discovering the knowledge Reshape had of the Balloons' defects and when they informed physicians about those defects.

Defendant also argues that the corporate deposition will be unduly burdensome particularly in light of the fact that Reshape has produced 270,000 pages of documents. It is well settled, however, that the Federal Rules of Civil Procedure provide litigants a variety of ways to obtain information from the opposing party and do not limit a party to one method of discovery. See Fed.

4

R. Civ. P. 26-37; *Calderon v. Reederei Claus-Peter Offen GmbH & Co.,* 2008 WL 4194810, at *3 (S.D. Fla. Sept. 11, 2008). As the court in *Tolston v. Charles Drew Health Ctr., Inc.* found:

> "Producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent." *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 507 (D.S.D. 2009) (quoting *Great American Ins. Co. of New York*, 251 F.R.D. at 541); *see also CitiMortgage, Inc. v. Chicago Bancorp, Inc.,* 2013 WL 3946116, at *2 (E.D. Mo. July 31, 2013) ("Written discovery is not a substitute for a Rule 30(b)(6) deposition[.]"). A Rule 30(b)(6) deposition serves a unique function—it is the "sworn corporate admission that is binding on the corporation." *See In re Vitamins Antitrust Litigation*, 216 F.R.D. 168, 174 (D. D.C. 2003); *see also Sprint Communications Co., L.P. v. Theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D. Kan. 2006) ("In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's position on the topic. The designee testifies on behalf of the corporation and thus holds it accountable.") (internal quotation marks and citations omitted). Written discovery and other individual depositions do not excuse Defendant from its obligations under Rule 30(b)(6).

*Tolston v. Charles Drew Health Ctr., Inc.,* 2017 WL 2838134, at *5 (D. Neb. June 30, 2017). The Court finds the reasoning in *Tolston* to be persuasive. Therefore, the Court finds Dr. Vesoulis' motion to compel the 30(b)(6) deposition of the named defendant, Reshape, is appropriate.

**B.      Rule 26 Disclosures**

Rule 26(a)(1)(A)(i) provides:

> [E]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i)  the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> …

5

>   (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Here, Dr. Vesoulis seeks the immediate production of the addresses of Mary Lou Mooney and Diane Begovich and information related to defendants' insurers. Reshape has not addressed these requests in its opposition memoranda filed before the Court. As stated, Dr. Lavin and SSL filed a separate opposition which contends that certain portions of the motion to compel are moot, and Dr. Vesoulis has not disputed that contention. The Court will, therefore, deny the motion with regard to the identified items as moot but will grant the motion with regard to the remaining witnesses and the insurance information requested from Reshape.

### III.   CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel (Rec. Doc. No. 53) is GRANTED IN PART, and Reshape shall designate a knowledgeable and prepared corporate representative or representatives to offer testimony concerning the matters for examination known by or reasonably available to the organization within 30 days of the date of this order or by December 30, 2020. To the extent that the documents requested in the 30(b)(6) notice have been produced, Reshape need not reproduce those documents.

IT IS FURTHER ORDERED that Reshape shall produce the names and contact information for Mary Lou Mooney and Diane Begovich and the identity of any insurance agreements pursuant to Rule 26(a)(1) by December 15, 2020.

IT IS FURTHER ORDERED that the Motion to Compel with regard to the contact information for Jennifer Perilloux, Laura Boyer, and Ramsey Hare is DENIED AS MOOT. The

requests to produce the identity of the insurers and insurance policies for Dr. Lavin and SSL are also DENIED AS MOOT.

New Orleans, Louisiana, this 30th day of November, 2020.

                                                    **DANA M. DOUGLAS**
                                                    **UNITED STATES MAGISTRATE JUDGE**