UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAUL VESOULIS, | * | CIVIL ACTION NO. 2:19-cv-01795 |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| RESHAPE LIFESCIENCES INCORPORATED f/k/a | * | JUDGE MARTIN L.C. FELDMAN |
| ENTEROMEDICS INCORPORATED, | * | |
| Defendant. | * | MAG. JUDGE DANA M. DOUGLAS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO REURGE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, comes defendant, ReShape Lifesciences, Inc. f/k/a Enteromedics Incorporated ("ReShape"), and respectfully reurges its Motion for Summary Judgment pursuant to Rule 56(b) of the Federal Rule of Civil Procedure, seeking dismissal of all the claims Plaintiff Paul Vesoulis asserted against ReShape.

As grounds for this instant motion, Reshape submits that Plaintiff's claims asserted against ReShape are expressly preempted under the Medical Device Amendments of 1976, 21 U.S.C. § 360k(a) ("MDA") and/or impliedly preempted under Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341, 353 (2001). Even to the extent this Honorable Court finds that federal preemption does not apply, Plaintiff has failed to establish the essential elements of his state law claims. Further, Plaintiff cannot show that ReShape's alleged noncompliance of FDA regulations caused his injuries.

ReShape is aware that this Honorable Court, in an Order dating September 16, 2020, previously denied ReShape's original Motion for Summary Judgment as premature. However since that time a number of additional depositions, including the depositions of the Plaintiff, ReShape's expert, and the Plaintiff's expert, have been all taken. These depositions provide additional support for ReShape's Motion for Summary Judgment.

In further support of the instant Motion, ReShape respectfully refers to the supporting memorandum filed contemporaneously herewith, and the following Exhibits attached hereto and referenced in the supporting memorandum to show that ReShape is entitled to judgment as a matter of law:

Exhibit A: ReShape Integrated Dual Balloon System Instructions for Use;
Exhibit B: ReShape Labeling and Marketing Material;
Exhibit C: Endoscopic Balloon Procedure Consent Form, executed 7/27/17;
Exhibit D: Consent for Endoscopic Removal of Intragastric Balloon, executed 1/11/18;
Exhibit E: FDA Medical Device Database Website, PMA of ReShape Integrated Dual Balloon System Approval Order;
Exhibit F: Deposition of Mary Lou Mooney;
Exhibit G: Deposition of Sally L. Maher
Exhibit H: Deposition of Plaintiff
Exhibit I: Samaras Report, dated 6/21/20;
Exhibit J: Expert Report of Sally L. Maher, JD, RAC, dated 7/10/20; and
Exhibit K: Deposition of Dr. Lavin.

**WHEREFORE**, ReShape Lifesciences, Inc. f/k/a Enteromedics Incorporated, respectfully requests that, after due proceedings be had, this Honorable Court grant its reurged Motion for Summary Judgment, dismissing all of Plaintiff Paul Vesoulis' claims against Reshape, with prejudice.

Respectfully submitted,

  /s/ Rachel G. Webre
RACHEL G. WEBRE (No. 26907)
Email: rwebre@glllaw.com
TUCKER T. BOHREN (No. 37039)
Email: tbohren@glllaw.com
**GIEGER, LABORDE & LAPEROUSE, L.L.C**
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile:  (504) 561-1011
*Counsel for Defendant, ReShape Lifesciences Incorporated f/k/a Enteromedics Incorporated*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Motion for Summary Judgment has been served upon all following counsel of record, via the Court's CM/ECF system and U.S. mail, this 23rd day of March, 2021.

    */s/ Rachel G. Webre*
    RACHEL G. WEBRE