UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAUL VESOULIS, | * | CIVIL ACTION NO. 2:19-cv-01795 |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| RESHAPE LIFESCIENCES INCORPORATED f/k/a | * | JUDGE MARTIN L.C. FELDMAN |
| ENTEROMEDICS INCORPORATED, | * | |
| Defendant. | * | MAG. JUDGE DANA M. DOUGLAS |
| ********************************************** | | |

### DEFENDANT'S STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

ReShape Lifesciences, Inc. f/k/a Enteromedics Incorporated ("ReShape), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, sets forth its statement of uncontested material facts, as follows:

1. In Plaintiff's Petition, filed January 10, 2019, Plaintiff asserts that ReShape, as manufacturer of the balloon, is liable under the Louisiana Products Liability Act ("LPLA") because the product was allegedly unreasonably dangerous in its (1) construction or composition; (2) design; and (3) inadequate warning.  See R. Doc. 1-2, ¶7.

2. In Plaintiff's Amended Complaint, filed December 13, 2019, Plaintiff, asserts that ReShape "is liable based solely upon [its] failure to comply with the PMA Approval Order and applicable FDA regulations, and thereby, is also liable under the Louisiana Products Liability Act's parallel provisions regarding failure to warn, La.

    R.S. 9:2800.57(A) and breach of the defendants post-sale duty to warn, La. R.S. 9:2800(C)." See R. Doc. 25, ¶7.

3. In his Amended Complaint, Plaintiff makes a separate claim that ReShape is "liable for failing to comply with the Premarket Approval Order issued by the FDA and applicable FDA regulations . . . regarding labelling and warnings" and reporting instances of death or serious injury through the required filing of MAUDE reports with the FDA. See R. Doc. 25, ¶8.

4. In response to Plaintiff's Petition and Amended Complaint, ReShape filed answers denying all liability claims, and asserted federal preemption under 21 U.S.C. § 360k(a) as an affirmative defense. See R. Doc 22, aff. def. 35; R. 30, aff. Def. 35.

5. The Integrated Dual Balloon is a temporary weight-loss medical device. See ReShape Integrated Dual Balloon System Instructions for Use, attached hereto as Exhibit "A," at ReShape-000002.

6. The balloon is designed to occupy space in the stomach and produce a sensation of satiety to promote weight loss. See id.

7. Treatment associated with the balloon occurs in three phases:

   1) Implement phase: A trained medical doctor delivers the balloon down the esophagus and implants the device in a patient's stomach via a delivery catheter. See id.

   2) Monitoring phase: Once inserted, the balloon is inflated and left in the stomach for up to six months. While the balloon is inside of a patient's stomach, the patient is under medical supervision. See id.

3) Explantation: A trained medical doctor removes the balloon from the patient's stomach. See id.

8. The known risks associated with the implant and explant procedures include potential esophageal perforation, pancreatitis, and death. See id. at ReShape-000004-7.

9. The balloon's labeling and marketing materials clearly indicate these known risks. See ReShape Labeling and Marketing Materials, attached hereto as Exhibit "B," at ReShape-000039, 109, 132, 134, 136,142, 147, 149, 202, 205.

10. The ReShape Integrated Dual Balloon System Instructions for Use, which are provided to physicians who perform the implant and explant procedures, fully and unambiguously explains all known risks associated with the balloon. See Ex. A, at ReShape-000004-23.

11. The Integrated Dual Balloon System Instructions for Use instruct physicians to communicate all potential risks and complications to patients. See id. at ReShape-000005, 6  ("[I]t is the responsibility of the physician to advise the patient of known risks and complications associated with the procedure and the device.").

12. On July 27, 2017, Plaintiff, an Ohio native, elected to have the balloon inserted by Dr. Thomas Lavin ("Dr. Lavin") at Surgical Specialists of Louisiana, LLC ("SSOL") in Metairie, Louisiana. See R. Doc. 1.2, ¶3.

13. Prior to traveling to SSOL, Dr. Lavin held a phone consultation with Plaintiff and "discuss[ed] everything about the procedure." See Deposition Testimony of Dr. Lavin, attached hereto as Exhibit "K," at p. 68.

14. Before the implant procedure, Dr. Lavin "went over the informed consent" with Plaintiff and explained that "any endoscopy, whether you place a balloon or not, has a risk of perforation," as is his "routine" with every patient. See id, at p. 23, 68, 70, 75.

15. Before the implant procedure, Plaintiff signed an informed consent form, provided by Dr. Lavin that informed Plaintiff of all risks associated with the procedure, specifically including "upper gastrointestinal tract or intra-abdominal organs including perforation (tearing)." See Endoscopic Balloon Procedure Consent Form, executed 7/27/17, attached hereto as Exhibit "C," at p. 1.

16. Plaintiff's explant procedure occurred on January 11, 2018.

17. Before the explant procedure, Plaintiff signed another informed consent form, which notified him of the risks associated with the procedure, including "a risk of bleeding or perforation of the esophagus, stomach or duodenum." See Consent for Endoscopic Removal of Intragastric Balloon, executed 1/11/18, attached hereto as Exhibit "D," at p. 1.

18. "The risks are no different for either procedure." See Ex. C, Ex. D.

19. Plaintiff executed the informed consent form in Dr. Lavin's presence and knew that "there was a risk of death" associated with the procedure. See Deposition Testimony of Dr. Paul Vesoulis, attached hereto as Exhibit "H," at p. 26, 82.

20. Prior to Plaintiff's procedure, he did not do any internet research on the procedure, did not research the ReShape balloon, did not get on ReShape's website, did not contact ReShape, and did not look at or review any ReShape marketing materials. See id at p. 16, 71-72, 67-68, 94.

21. On June 30, 2014, the balloon's PMA application was submitted to Center for Devices and Radiological Health of the FDA. See FDA Medical Device Database Website (www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfpma/pma.cfm?id=P140012), PMA of ReShape Integrated Dual Balloon System, printed page attached hereto as Exhibit "E."

22. The FDA approved the application and found the balloon safe for commercial sale and distribution on July 28, 2015. See id.

23. The balloon is classified as a Class III medical device. See id.

Respectfully submitted,

_/s/ Rachel G. Webre_____
RACHEL G. WEBRE (No. 26907)
TUCKER T. BOHREN (No. 37039)
Email:  rwebre@glllaw.com
            tbohren@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone:     (504) 561-0400
Facsimile:     (504) 561-1011
*Counsel Defendant, ReShape Lifesciences Incorporated f/k/a Enteromedics Incorporated*

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing Statement of Uncontested Material Facts has been served upon the all counsel of record, via the Court's CM/ECF system and U.S. mail, this 23rd day of March, 2021.

          */s/ Rachel G. Webre*_____
          RACHEL G. WEBRE