UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL VESOULIS | CIVIL ACTION NO. 19-CV-01795-MLCF-DMD |
| | JUDGE MARTIN L.C. FELDMAN |
| VERSUS | |
| | MAGISTRATE JUDGE DANA M. DOUGLAS |
| RESHAPE LIFESCIENCES, f/k/a ENTEROMEDICS INCORPORATED | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STATEMENT OF UNCONTESTED MATERIAL FACTS**

Defendants, Thomas Lavin, M.D. ("Dr. Lavin") and Surgical Specialists of Louisiana ("SSL"), submit the following facts which are uncontested in this matter:

1. On July 27, 2017, Dr. Vesoulis underwent a procedure by Dr. Lavin to insert the ReShape Dual Intragastric Balloon.[1]

2. Prior to the July 27, 2017 procedure, Dr. Lavin discussed with Dr. Vesoulis the risks and benefits of the procedure.[2]  Prior to the July 27, 2017 procedure, Dr. Vesoulis signed informed consent forms.  The informed consent form acknowledged and signed by Dr. Vesoulis identified numerous potential known risks of the procedure, including esophageal perforation.[3]

3. Additionally, the informed consent signed by Dr. Vesoulis noted the following important information: "***You must have the Balloon device removed per protocol***.  If the balloon device stays in your stomach for more than recommended time frame there is a much

---

[1] See Doc. 40, ¶ 3.

[2] See Deposition excerpts of Dr. Thomas Lavin, attached hereto as Exhibit A, p. 31:13-32:6; 67:19-68:25; 69:18-70:7.

[3] See Deposition of Dr. Paul Vesoulis, attached hereto as Exhibit B, p. 32:17-20; see excerpts of Exhibit 15 to Dr. Lavin's deposition, attached hereto as Exhibit C.

3209006 v1

greater risk that the balloon could deflate and cause a blockage in your intestines or develop an ulcer in the stomach."[4]   [***Emphasis original.***]

4. On January 11, 2018, Dr. Vesoulis underwent the balloon removal procedure.

5. Prior to the January 11, 2018 procedure, Dr. Lavin and his staff discussed the risk of the procedure and asked offered to ask any questions Dr. Vesoulis might have.[5]  Dr. Vesoulis signed informed consent forms.[6]  The informed consent form acknowledged and signed by Dr. Vesoulis identified numerous potential known risks of the procedure, including esophageal perforation.[7]

6. Dr. Vesoulis sustained an esophageal perforation, a known risk of the procedures.

7. On or about January 8, 2019, the Plaintiff, Paul Vesoulis, filed a Petition for Medical Malpractice Review with the Division of Administration Commissioner's Office for the Louisiana Patient's Compensation Fund based on the care and treatment provided by SSL and Dr. Thomas Lavin ("Dr. Lavin") from January 11, 2018 through January 13, 2018.[8]

8. At all pertinent times, SSL and Dr. Lavin were qualified health care providers and enrolled in the Patient's Compensation Fund under the provisions of Louisiana Revised Statute 40:1231.8.[9]

9. On May 26, 2020, a Medical Review Panel convened and reviewed the Plaintiff's allegations.  After reviewing all the evidence, the Medical Review Panel rendered a unanimous opinion finding that the evidence presented did not support the conclusion that either SSL or Dr. Lavin failed to meet the standard of care as charged in the petition.  The

---

[4] See Ex. C.
[5] See Ex. A, p. 70:19-25; 71:5-12.
[6] *Id*.
[7] See. Ex. C.
[8] See Petition for Medical Malpractice Review, attached hereto as Exhibit D.
[9] See Certificates of Enrollment, attached hereto as Exhibit E.

3209006 v1

panel noted that, as to SSL, it found no deviation from the standard of care for the same reasons addressed in Dr. Lavin's reasons. Specifically, the panel found as follows:

> The panel finds no deviation from the standard of care.
>
> Dr. Lavin provided patient with an informed consent what was signed by patient at the time of the placement of the Reshape Duo Gastric Balloon which did reference risks to the "upper gastrointestinal tract or intra-abdominal organs including perforation (tearing), …"
>
> Dr. Lavin provided patient with an informed consent for that was signed by patient at the time of the removal of the Reshape Duo Gastric Balloon which did reference "a risk of bleeding or perforation of the esophagus, stomach or duodenum…"
>
> We suspect there was a perforation during the removal of the Balloon but such a perforation is a known complication and risk of this type of surgery. These risks were explained to the patient in the mentioned consent forms.
>
> We find that Dr. Lavin did possess the appropriate degree and skill of a bariatric surgeon. Upon presentation by the patient of a deteriorating condition, Dr. Lavin took him to the operating room, explored the abdominal cavity laparoscopically and upon finding a large distended stomach appropriately performed endoscopy. Forgoing the CT Scan was appropriate due to the urgency of the case.
>
> Dr. Laving's role as a physician is to make patient care decisions based on the patient history and how the patient is presenting clinically. Other patient's results are taken into consideration when providing care but is not required to be shared with subsequent patients specifically.
>
> When the patient appeared to further deteriorate, he was quickly and appropriately taken for a CT Scan which showed a leak. The patient was quickly taken to the operating room where Dr. Lavin repaired the perforation.[10]

10. On or about June 9, 2020, Plaintiff filed his Second Amended Complaint joining SSL and Dr. Lavin to the instant litigation. [Doc. 40]

---

[10] See Medical Review Panel opinion, attached hereto as Exhibit F.

3

3209006 v1

11. Through discovery, the Plaintiff has identified Dr. Eric S. Bour as his expert in the medical malpractice portion of this litigation. On or about June 27, 2020, Dr. Bour provided a written report.[11] And, on August 20, 2020, Dr. Bour was deposed in this matter.[12]

12. Dr. Bour has provided no criticism of SSL in either his report or his deposition testimony.

13. With regard to Dr. Lavin, Dr. Bour's single criticism with regard to consent is as follows: "there is no indication that specific mention was made of the then-issued FDA warnings of severe complications and death in several patients who underwent fluid-filled intragastric balloon procedures."[13]

14. Dr. Lavin was not informed of the following incidents which Dr. Vesoulis claims should have been a part of his informed consent:

    a. March 29, 2016 – patient who received the ReShape Dual Intragastric Balloon died from sepsis secondary to an esophageal perforation (MDR report notes that there was no known allegation that the death was related to the device).

    b. February 9, 2017 – FDA issued a "Dear Doctor" letter regarding the chance of "spontaneous hyperinflation of balloon after placement" and "acute pancreatitis" in patients receiving intragastric balloons by various manufacturers, not limited to ReShape.

    c. May 10, 2017 - patient who received the ReShape aspirated and died.

    d. August 10, 2017 – FDA issued a "Dear Doctor" letter regarding five deaths in patients who received intragastric balloons by various manufacturers; one death

---

[11] See Dr. Bour's written report, attached hereto as Exhibit G.
[12] See Deposition excerpts of Dr. Bour, attached hereto as Exhibit H.
[13] See Ex. G.

3209006 v1

occurred in a patient who received the ReShape Dual Intragastric Balloon. This letter was sent approximately two weeks after Dr. Vesoulis' balloon insertion.

15. The remaining incident which Dr. Vesoulis claims should have been part of his informed consent occurred on August 14, 2017, approximately two weeks after Dr. Vesoulis' balloon insertion procedure. A patient of Dr. Lavin, in which a ReShape balloon had been placed, sustained a gastric perforation requiring surgery.

16. Dr. Vesoulis is a dentist who has consistently practiced dentistry for the last ?? years.

17. In his practice, Dr. Vesoulis obtains informed consents for his patients on a daily basis.

18. Dr. Vesoulis' informed consent was not coerced or induced by fraud.

**WHEREFORE**, Surgical Specialists of Louisiana prays that this Honorable Court grant the motion for summary judgment, dismissing plaintiff's action against it, *with prejudice*, and at plaintiff's cost.

Respectfully submitted,

**BLUE WILLIAMS, L.L.P.**

*/s/ Kelly M. Brian*
**ALDRIC C. POIRIER, JR. (21824)**
*apoirier@bluewilliams.com*
**KELLY M. BRIAN (31064)**
*kbrian@bluewilliams.com*
1060 West Causeway Approach
Mandeville, Louisiana 70471
Telephone: (985) 626-0058
Facsimile: (504) 846-9746
*Attorneys for Dr. Thomas Lavin and Louisiana Surgical Specialists*

**CERTIFICATE OF SERVICE**

I hereby certified that a copy of the above and foregoing pleading has been served upon all counsel of record by using the CM/ECF filing system, this 29th day of March, 2021.

*/s/ Kelly M. Brian*
Kelly M. Brian