| | |
|---|---|
| PAUL VESOULIS | STATE OF LOUISIANA |
| VERSUS | PATIENT'S COMPENSATION FUND |
| THOMAS E. LAVIN, M.D.<br>SURGICAL SPECIALISTS OF<br>    LOUISIANA, LLC | PCF FILE NO.: 2019-00044<br>CASE NO. |

## MEDICAL REVIEW PANEL OPINION

The Medical Review Panel, composed of the undersigned, having reviewed the evidence submitted by the parties, given notice to the parties with reference to their right to convene the Panel for questioning, having made the evidence available to the parties and having met in consideration of same, the Panel renders the following opinion.

1.

The *evidence does not support* the conclusion that **THOMAS E. LAVIN, M.D.** failed to comply with the appropriate standard of care as alleged for the reasons shown on the attached Exhibit "A". Panel Meeting held on May 11, 2020 and Opinion Rendered this the 26TH day of May 2020.

_____
JOHN WILDER BAKER, M.D.

_____
WILLIAM S. RICHARDSON, M.D.

_____
JAMES B. WOOLDRIDGE JR., M.D.

_____
LEE H.R. CHAWLA, ATTORNEY CHAIRMAN

EXHIBIT F

| | |
|---|---|
| PAUL VESOULIS | STATE OF LOUISIANA |
| VERSUS | PATIENT'S COMPENSATION FUND |
| THOMAS E. LAVIN, M.D.<br>SURGICAL SPECIALISTS OF<br>LOUISIANA, LLC | PCF FILE NO.: 2019-00044<br>CASE NO. |

## MEDICAL REVIEW PANEL OPINION

The Medical Review Panel, composed of the undersigned, having reviewed the evidence submitted by the parties, given notice to the parties with reference to their right to convene the Panel for questioning, having made the evidence available to the parties and having met in consideration of same, the Panel renders the following opinion.

1.

The *evidence does not support* the conclusion that **SURGICAL SPECIALISTS OF LOUISIANA, LLC** failed to comply with the appropriate standard of care as alleged for the reasons shown on the attached Exhibit "A". Panel Meeting held on May 11, 2020 and Opinion Rendered this the 26th day of May 2020.

_____
JOHN WILDER BAKER, M.D.

_____
WILLIAM S. RICHARDSON, M.D.

_____
JAMES B. WOOLDRIDGE JR., M.D.

_____
LEE H.R. CHAWLA, ATTORNEY CHAIRMAN

EXHIBIT F

| | |
|---|---|
| PAUL VESOULIS | STATE OF LOUISIANA |
| VERSUS | PATIENT'S COMPENSATION FUND |
| THOMAS E. LAVIN, M.D.<br>SURGICAL SPECIALISTS OF<br>LOUISIANA, LLC | PCF FILE NO.: 2019-00044<br>CASE NO. |

### EXHIBIT "A"

### REASONS

#### AS TO THOMAS E. LAVIN, M.D:

The panel finds no deviation from the standard of care.

Dr. Lavin provided patient with an informed consent that was signed by patient at the time of the placement of the Reshape Duo Gastric Balloon which did reference risks to the "upper gastrointestinal tract or intra-abdominal organs including perforation (tearing), ..."

Dr. Lavin provided patient with an informed consent for that was signed by patient at the time of the removal of the Reshape Duo Gastric Balloon which did reference "a risk of bleeding or perforation of the esophagus, stomach or duodenum ..."

We suspect there was a perforation during the removal of the Balloon but such a perforation is a known complication and risk of this type of surgery. These risks were explained to the patient in the mentioned consent forms.

We find that Dr. Lavin did possess the appropriate degree and skill of a bariatric surgeon. Upon presentation by the patient of a deteriorating condition, Dr. Lavin took him the operating room, explored the abdominal cavity laparoscopically and upon finding a large distended stomach appropriately performed endoscopy. Foregoing the CT Scan was appropriate due the urgency of the case.

Dr. Lavin's role as a physician is to make patient care decisions based on the patient history and how the patient is presenting clinically. Other patient's results are taken into consideration when providing care but is not required to be shared with subsequent patients specifically.

When the patient appeared to further deteriorate, he was quickly and appropriately taken for a CT Scan which showed a leak. The patient was quickly taken to the operating room where Dr. Lavin repaired the perforation.

#### AS TO SURGICAL SPECIALISTS OF LOUISIANA, LLC:

The panel finds no deviation from the standard of care. For the same reasons as addressed in Dr. Lavin's Reasons above.

EXHIBIT F