ERIC BOUR, M.D. on 08/18/2020

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

*****************************************************

PAUL VESOULIS  CIVIL ACTION NO.19-CV-01795-MLCF-DMD

VERSUS         JUDGE MARTIN L.C. FELDMAN

RESHAPE        MAGISTRATE JUDGE DANA M. DOUGLAS

LIFESCIENCES,

f/k/a ENTEROMEDICS

INCORPORATED

*****************************************************

      The deposition of ERIC S. BOUR, MD, taken on Tuesday, August 18, 2020, commencing at 9:07 a.m., via Zoom.

      * * *

```
 1  gastric -- or laparoscopic gastric bypass, we
 2  would begin to add that to the discussion with our
 3  patients.
 4            So I think it's up to the provider to
 5  provide -- to secure that information and convey
 6  that information to the patients who are
 7  undergoing any bariatric procedure, which by its
 8  very nature is elective.
 9       Q.   Doctor, did any of the warnings from the
10  FDA to which you're referring here in paragraph
11  one address the potential for esophageal
12  perforations?
13       A.   I don't believe that those specifically
14  referred to esophageal perforation.
15       Q.   What harm came to Dr. Vesoulis from your
16  alleged breach that we've discussed in paragraph
17  one of your report?
18       A.   I think it's our duty as physicians to
19  obtain informed consent from our patients.  And so
20  by the nature of the fact that it's informed
21  consent, not uninformed consent, our job is to
22  make sure the patients understand all potential
23  risks of these procedures and then have the
24  ability to make a decision whether or not they
25  want to undergo the procedure based on an informed
```

*New Orleans* 504.522.2101                                    *North Shore* 985.206.9303
*Toll Free* 800.526.8720        SerpasCourtReporting.com       *Baton Rouge* 225.332.3040

EXHIBIT H

```
 1  consent.
 2          Informed consent is a paper, but it's
 3  not the paper, it's the discussion that goes on
 4  around the paper that's the key.  The paper is
 5  just the documentation that the discussion took
 6  place.
 7       Q.   Is it your belief, then, that
 8  Dr. Vesoulis would not have undergone gastric
 9  balloons had he been given the specific FDA
10  warnings?
11       A.   From what I understand, that's correct.
12       Q.   Is that based on any conversation you've
13  had with Dr. Vesoulis?
14       A.   I have not spoken to Dr. Vesoulis.
15       Q.   You certainly have never examined
16  Dr. Vesoulis then?
17       A.   No.  I try to not go to Ohio as much as
18  possible.
19       Q.   Doctor, when you were performing gastric
20  balloons did you ever have patients who opted out
21  of receiving the balloons based on the knowledge
22  of complications?
23       A.   We absolutely did.
24       Q.   Can you recall what specifically they
25  were told that led them to -- no to proceed with
```

*New Orleans 504.522.2101*  　　　　　　　　　　　　　　　*North Shore 985.206.9303*
*Toll Free 800.526.8720*   　*SerpasCourtReporting.com*   *Baton Rouge 225.332.3040*

EXHIBIT H

```
 1      Q.   There was a balloon removal done on the
 2 11th and then subsequent to that exploration by
 3 Dr. Lavin, correct?
 4      A.   Yes.
 5      Q.   Okay.  And it's your opinion that at
 6 some point in the balloon removal procedure,
 7 Dr. Vesoulis suffered an esophageal perforation?
 8      A.   Yes.
 9      Q.   I don't see anywhere in your report or
10 opinion, Doctor, that you believe the fact that
11 Dr. Vesoulis suffered an esophageal perforation
12 constitutes a breach in standard of care by
13 Dr. Lavin?
14      A.   I think failure to recognize the
15 esophageal perforation does, but the perforation
16 esophagus is, I mean, the known complication.
17      Q.   And that's my question.  You don't fault
18 Dr. Lavin simply for the fact that Dr. Vesoulis
19 suffered the perforation?
20      A.   Correct.
21      Q.   Your criticism is that he should have
22 figured that out and fixed it on the 11th rather
23 than the 13th?
24      A.   My criticism is that he should have
25 identified it and repaired it prior to when he did
```

*New Orleans 504.522.2101*  SerpasCourtReporting.com  *North Shore 985.206.9303*
*Toll Free 800.526.8720*  *Baton Rouge 225.332.3040*

EXHIBIT H