# George E. Woodman, M.D.
General and Laparoscopic Surgery
Minimally Invasive and Endoscopic Weight Loss Surgery
Medical Director, Baptist Memphis Weight Loss Center
Medical Director, Methodist Germantown Weight Loss Center

6029 Walnut Grove Rd.
Suite 100
Memphis, TN 38120
Phone (901) 869-2000
Fax (901) 869-2009
woodmanmd@clubnewyou.com
www.clubnewyou.com

LIFT Wellness Center
101 Jackson Walk Plaza
Jackson, TN 38301



Baptist Memphis
Methodist Germantown

August 10, 2020

BlueWilliams, LLP
1060 W. Causeway Approach
Mandeville, Louisiana 70471

RE: Vesoulis vs ReShape Lifesciences, Thomas Lavin, et al

I have been retained as an expert for the Defendant, Dr. Lavin, to prepare my opinions. I have reviewed the records supplied to me in the above-mentioned case. These records have been reviewed once only in their entirety and I absolutely reserve the right to alter or change my opinions as I review the material again and if I am supplied additional material.

My background is outlined in my curriculum vitae. The bulk of my practice over the last 20 years has been focused on the care of bariatric patients. This has involved a busy clinical practice, as well as a busy clinical research practice. I have been an important contributor to the development of clinical research projects, as well as multiple clinical research projects involving endoscopic bariatric therapy. Specifically, regarding balloon-based bariatric therapies, I probably have the most experience of anyone in the United States. Specifically involving the reshape balloon procedure, I personally enrolled the most patients into this clinical trial, was either the first or certainly one of the first practitioners to place an endoscopic balloon in the United States involving the clinical trial, and at the completion of the clinical trial had the most experience of any practitioner in the United States involving balloon-based therapy. Some of my experience involves placing the Orberra balloon, the Reshape balloon, the Obalon balloon, the Baronova endoscopic device, the Allurion balloon, and the USGI endoscopic procedure. My specific endoscopic training includes, but is not limited to, learning on-site from experts in São Paulo, Brazil, Rome, Italy, and Barcelona, Spain. My expertise in this field was also used to train multiple surgeons in the United States on these procedures.

My private practice has been active since 1998, without interruption, and has involved general surgery, but primarily bariatric surgery, which since 2010 has encompassed close to 100% of my cases and attention.

My draft statements of facts are as follows:

The plaintiff, Paul Vesoulis, is a medical professional who sought out Dr. Lavin for an elective weight loss procedure. The plaintiff traveled from his home in Ohio to New Orleans to have this elective procedure performed.

The plaintiff underwent informed consent prior to undergoing this elective procedure.

**EXHIBIT I**

# George E. Woodman, M.D.
General and Laparoscopic Surgery
Minimally Invasive and Endoscopic Weight Loss Surgery
Medical Director, Baptist Memphis Weight Loss Center
Medical Director, Methodist Germantown Weight Loss Center

6029 Walnut Grove Rd.
Suite 100
Memphis, TN 38120
Phone (901) 869-2000
Fax (901) 869-2009
woodmanmd@clubnewyou.com
www.clubnewyou.com

LIFT Wellness Center
101 Jackson Walk Plaza
Jackson, TN 38301



Baptist Memphis
Methodist Germantown

The placement procedure was performed on July 27, 2017.

The plaintiff had follow-up with trained medical staff and a nutritionist.

The patient tolerated this elective procedure well.

The plaintiff subsequently returned to Dr. Lavin in New Orleans for endoscopic retrieval of the balloon device on January 11, 2018.

Several hours after the endoscopic balloon retrieval the plaintiff began to develop abdominal pain and was admitted to the hospital.

The patient was evaluated immediately by Dr. Lavin. His workup included a direct physical exam and a chest x-ray. This chest x-ray was reviewed by Dr. Lavin himself with the radiologist. The chest x-ray showed possible "sub-diaphragmatic air".

Dr. Lavin took the patient immediately to the operating room for a laparoscopy, where the patient was found to have severe "gastric distention" which was decompressed. Abdominal exploration revealed no other acute findings. Upper endoscopy was also negative for any acute findings.

The patient was observed overnight. The patient developed crepitus which worsened through the night. Dr. Lavin directly evaluated the patient for this complaint.

An ENT consult was obtained for evaluation.

A CT scan was performed the following morning which was postoperative day 1. This demonstrated extravasation of contrast above the gastroesophageal junction.

The patient was taken promptly for surgery where he was found to have a small perforation in the distal esophagus where he underwent direct repair.

The plaintiff recovered from this procedure and was discharged home.

EXHIBIT I

# George E. Woodman, M.D.
General and Laparoscopic Surgery
Minimally Invasive and Endoscopic Weight Loss Surgery
Medical Director, Baptist Memphis Weight Loss Center
Medical Director, Methodist Germantown Weight Loss Center

6029 Walnut Grove Rd.
Suite 100
Memphis, TN 38120
Phone (901) 869-2000
Fax (901) 869-2009
woodmanmd@clubnewyou.com
www.clubnewyou.com

LIFT Wellness Center
101 Jackson Walk Plaza
Jackson, TN 38301



Baptist Memphis
Methodist Germantown

After review of the records provided to me, I find absolutely no violation to the standard of care in the management of the plaintiff, Dr. Paul Vesoulis. My draft opinions are as follows:

1. Dr. Lavin has demonstrated evidence of being a supremely experienced bariatric surgeon, who at no time failed to work towards and to care for this patient and to use his experience and expertise to evaluate the information available to him to treat this patient not only appropriately, but successfully.
2. Dr. Lavin performed informed consent which included, but was not limited to, complications such as those that can occur during balloon retrieval. The plaintiff, who is a doctor, voiced understanding of these potential complications and his informed consent by signing his consent forms. The plaintiff, who is a doctor, sought out Dr. Lavin undoubtedly by researching Dr. Lavin either by word of mouth or through the Internet and traveled a long distance to be treated by an expert. The plaintiff, who is a doctor, should have a greater understanding of his informed consent, as well as his research findings than even the average patient.
3. The plaintiff's expert mentions that there is no discussion of FDA warnings made on the potential complications of this device. These warnings had nothing to do at all with complications associated with the removal of the device. Even so, these warnings were produced after the plaintiff had the placement of his balloon. Even so, there is no standard that would indicate that Dr. Lavin would be required to discuss these findings with the plaintiff. Even so, had these findings been disclosed to the plaintiff after they were announced by the FDA, they would have had no bearing whatsoever on the plaintiff's care.
4. Post retrieval endoscopy is a standard part of the balloon retrieval process and there is no indication that this was not performed.
5. No radiologic procedures are necessary to take the patient to the operating room if an emergency as suspected. In this case, a chest x-ray was performed, which showed possible sub-diaphragmatic air. This means that there was possible air below the patient's diaphragm. No other radiologic procedures would be necessary to take the patient to the operating room. Most experienced surgeons would take the patient directly to the emergency room. Furthermore, radiologic testing would delay taking the patient to the operating room to find or take care of a problem that may need urgent or emergent care. Dr. Lavin acted as most conscientious surgeons would by taking action and taking the patient directly to the operating room and should be commended on that decision. The plaintiff's expert's statement that Dr. Lavin took the patient to surgery "without a complete workup" is irresponsible and false.
6. The finding of sub-diaphragmatic air is defined as air below the diaphragm and the source of that air, if present, would be expected to be from a visible source below the diaphragm. It is also not uncommon to not find a source of air when performing a laparoscopy or laparotomy.

**EXHIBIT I**

**George E. Woodman, M.D.**
General and Laparoscopic Surgery
Minimally Invasive and Endoscopic Weight Loss Surgery
Medical Director, Baptist Memphis Weight Loss Center
Medical Director, Methodist Germantown Weight Loss Center

6029 Walnut Grove Rd.
Suite 100
Memphis, TN 38120
Phone (901) 869-2000
Fax (901) 869-2009
woodmanmd@clubnewyou.com
www.clubnewyou.com

LIFT Wellness Center
101 Jackson Walk Plaza
Jackson, TN 38301



Baptist Memphis
Methodist Germantown

7. The finding of significant gastric distention is absolutely a source of severe abdominal discomfort and can lead to this patient's complaints. Patient's develop gastroparesis while the balloon is in place, as any experienced balloon endoscopist would know. Having severe gastric distention can be very concerning and lead to severe abdominal pain or discomfort such as this patient had. The plaintiff's expert's statement that this would be a rare finding is irresponsible and simply false.
8. The plaintiff's expert's statement that operative findings of "only gastric distention" as a cause is illogical and is irresponsible and false. Most experienced general surgeons have had patients with problems related to gastric distention on many occasions. Most experienced bariatric surgeons can see this routinely with endoscopic bariatric therapies.
9. Dr. Lavin conscientiously performed an upper endoscopy during his laparoscopy and at that time could not identify any abnormalities.
10. The plaintiff's expert's comment that the EGD findings of a small amount of old blood in the stomach would be an indication of an esophageal injury is not correct in that, that situation would be extremely rare. Almost every post endoscopic retrieval endoscopy shows some gastritis and irritation and blood. Endoscopy itself is traumatic and can leave active bleeding. The endoscopic removal process is traumatic even when it goes perfectly well, and can leave blood in the stomach. We find this routinely. This patient's esophageal injury which was 2 mm in length was probably not something that was actively bleeding. His comments are irresponsible.
11. After the plaintiff's laparoscopy the patient was still admitted for observation. He was watched appropriately and closely. As his situation deteriorated Dr. Lavin responded appropriately. Crepitus happens and is unusual. A prompt ENT evaluation was obtained. After an acute ENT situation was ruled out the patient underwent further radiologic studies.
12. A CT scan was ordered which demonstrated a distal esophageal extravasation of contrast. The patient was taken promptly to the operating room and had this primarily repaired. Dr. Lavin's extreme expertise in being able to explore this area and to repair it laparoscopically is exemplary. This patient recovered from this known complication promptly and with no documented problems. Dr. Lavin's laparoscopic expertise prevented the patient from requiring a laparotomy and a more extensive hospital course and exposing him to more morbidity. This complication was unfortunate but Dr. Lavin should be commended for leading this patient to his outstanding recovery.
13. Had this complication been discovered during the patient's initial presentation there would be no change to the patient's outcome. The plaintiff would have still required the same procedure requiring esophageal repair and would not have recovered any quicker.

**EXHIBIT I**

## George E. Woodman, M.D.
General and Laparoscopic Surgery
Minimally Invasive and Endoscopic Weight Loss Surgery
Medical Director, Baptist Memphis Weight Loss Center
Medical Director, Methodist Germantown Weight Loss Center

6029 Walnut Grove Rd.
Suite 100
Memphis, TN 38120
Phone (901) 869-2000
Fax (901) 869-2009
woodmanmd@clubnewyou.com
www.clubnewyou.com

LIFT Wellness Center
101 Jackson Walk Plaza
Jackson, TN 38301

MBSAQIP ACCREDITED CENTER QUALITY PROGRAM — American College of Surgeons / American Society for Metabolic and Bariatric Surgery

Baptist Memphis
Methodist Germantown

In conclusion, my review of these records provided indicate that Dr. Lavin performed an elective procedure on Dr. Vesoulis, the plaintiff. Dr. Lavin gave Dr. Vesoulis excellent informed consent. The plaintiff had a complication which was treated appropriately and promptly. At no time do I recognize any breach in the standard of care by Dr. Lavin in the management of Dr. Paul Vesoulis.

George Woodman, MD

*[signature]*

**EXHIBIT I**