UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL VESOULIS | CIVIL ACTION NO. 19-CV-01795-MLCF-DMD |
| | JUDGE MARTIN L.C. FELDMAN |
| VERSUS | |
| RESHAPE LIFESCIENCES, f/k/a ENTEROMEDICS INCORPORATED, ET AL | MAGISTRATE JUDGE DANA M. DOUGLAS |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO RESHAPE LIFESCIENCES INC.'S REURGED MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

In *June Phillips vs. Sanofi U.S. Services, Incorporated, f/k/a Sanofi-Aventis U.S., Incorporated; Sanofi-Aventis,* USDC No. 2:16-CV-15397, (5th Cir. 4/19/21)., summary judgment was granted when the treating physician had testified that regardless of being warned of risks he would have prescribed the drug alleged to be defective in any event in light of the patient's pre-existing cancer. The physician was not a party to the suit and no allegations were made against him for failing to give informed consent.

This case is distinguishable. The facts of the case at bar are quite different.  In this case, ReShape failed to warn about the danger resulting from possible death and the treating physician is a party to the case on allegations of failure to give informed consent. In this case, the treating physician has moved for partial summary judgment himself on the grounds that he could not warn of a risk of which he was not advised.

It is the plaintiff's position that it was the duty of ReShape under the FDA approved PMA Order and the Instructions For Use to advise the treating physician of <u>all</u> <u>adverse</u> <u>events</u>, which ReShape did not do. Similarly, plaintiff has alleged that Dr. Lavin and/or Surgical Specialists of Louisiana, LLC (SSL) failed to advise the plaintiff of the true risks of the procedure which were much greater than those of a simple EGD, and medical malpractice.

Both the product manufacturer and the physician are parties to this proceeding and plaintiff has made allegations of failure to warn against both. Dr. Lavin has admitted that he did not get any notice of the occurrence of adverse events from ReShape. The question to be posed to the factfinder regards the allocation of fault between ReShape, Dr. Lavin and SSL, which is inherently fact laden and improper for summary judgment.

Dr. Lavin testified:

> Q. And if that's a risk that is presented to a patient, they should be advised of that before they make a decision of whether or not to proceed with the elective surgery of implanting the ReShape integrated dual balloon systems; would that be correct?
> A. Yes, I think people need to know the risks certainly before they proceed with any procedure.
> Q. Do you know what the incidences were in actuality of esophageal perforations using the ReShape balloons?
> A. Well, the world experience, I don't know that. I know that I had that one removal, and that was it for me. So my incidence would have been higher than that.
> (Ex. "A", p. 30, 38).

There is no reason to conclude that Dr. Lavin would not have warned of adverse events of death from sepsis secondary to esophageal perforation, ie, world experience, had he been told by ReShape.

2

ReShape argues that the PMA Order says that *"before making any changes"* a PMA Supplement must be submitted, disregarding the provisions of 21 C.F.R. §814.39(d) that labeling changes for newly acquired information are allowed without FDA approval. ReShape argues that the PMA Order prevails, thereby excusing ReShape from forwarding adverse events to treating physicians. This argument does not help ReShape.

The Instructions for Use (IFU) were <u>also</u> FDA approved and called for the treating physician to discuss all adverse events. The reason the FDA required approved PMA Supplements is because the FDA <u>had</u> required ReShape to send adverse events to treating physicians in the FDA approved IFU. Such a requirement would not be "voluntary" at all, as ReShape has argued.

For these additional reasons, the motion should be denied.

Respectfully submitted,

/s/*Franklin G. Shaw*
LEGER & SHAW
Franklin G. Shaw, Bar No. 01594
Walter J. Leger, Jr., Bar No. 88278
512 E. Boston St.
Covington, LA 70433
Telephone: 985-809-6625
Facsimile: 985-809-6626

CERTIFICATE OF SERVICE

I hereby certified that a copy of the above and foregoing pleading has been served upon all counsel of record by using the CM/ECF filing system, this 28th day of April 2021.

*/s/Franklin G. Shaw*
Franklin G. Shaw