UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PAUL VESOULIS                 CIVIL ACTION NO. 2:19-CV-01795

JUDGE MARTIN L.C. FELDMAN

VERSUS

MAGISTRATE JUDGE DANA M. DOUGLAS

RESHAPE LIFESCIENCES, INC. f/k/a
ENTEROMEDICS INCORPORATED
**************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER GRANT OF SUMMARY JUDGMENT AND PARTIAL GRANT OF SUMMARY JUDGMENT**

May it please the Court:

<u>Dr. Lavin and SSL:</u>

La. R.S. 40:1157.1(A) obligated Dr. Lavin to warn of "the <u>known</u> risks, if any, of death..." (emphasis added). ReShape in the IFU sent to Dr. Lavin stated there were no deaths. This was not true and ReShape knew it. La. R.S. 40:1157.1(A) further provides that "[s]uch consent shall be presumed to be valid and effective, <u>in the absence of proof that execution of the consent was induced by misrepresentation of material facts</u>." (emphasis added).

> "Louisiana jurisprudence requires that a plaintiff in an action based on a failure to obtain informed consent prove the following four elements in order to prevail: (1) a material risk existed that was unknown to the patient; (2) the physician failed to disclosed the risk; (3) the disclosure of the risk would have led a reasonable patient in the patient's position to reject the medical procedure or choose another course of treatment; and (4) the patient suffered injury. See *Brandt v. Engle*, 2000-3416 (La. 6/29/01), 791 So.2d 614m 619 n. 1.

* * * * * * * * * *

First, under Subsection (A) of LSA-R.S. 40:1299.40, consent to any medical or surgical procedure could be obtained by "handwritten consent," which: (1) sets forth in general terms the nature and purpose of the procedure(s) and the known risks of death, brain damage, quadriplegia, paraplegia, the loss or loss of function of any organ or limb, and/or disfiguring scars associated with such procedure(s); (2) acknowledges that such disclosure of information has been made and that all questions asked about the procedure(s) have been answered in a satisfactory manner; and (3) is signed by the patient. Upon compliance with Subsection (A), consent is "presumed" to be valid and effective, in the absence of proof that execution of the consent was induced by misrepresentation of material facts. See LSA-R.S. 40:1299.40(A)(1)." *Snider v. Louisiana Medical Mart. Ins. Co.,* 2013-0579 (La. 12/10/13), 130 So.3d 922, 932-944.

The fact that a patient in actuality had died from an esophageal perforation is a material fact in this case involving a purely elective procedure. Additionally, Dr. Lavin failed to accurately state the risk of esophageal perforation from the product when the balloons were placed. The Consent Form under "Nonspecific (general) symptoms" stated there was a risk of harm to "upper gastrointestinal track or intra-abdominal organs including perforation (tearing)", but did not state the frequency was much greater with ReShape Balloons than an EGD. (Ex. "A"). In his deposition Dr. Lavin listed what was discussed with all patients which did not include risk of esophageal perforation or the danger of death of therefrom. (Ex. "B"). He does not recall Dr. Vesoulis specifically. Dr. Vesoulis stated that the danger of death was never discussed as even a possibility.

Upon explant Dr. Lavin's Informed Consent form specifically mentioned "esophageal perforation" as a risk occurring in "less than 1 in 10,000 cases" in a normal EGD procedure. (Ex. "C"). Dr. Lavin admits that the risk of esophageal perforation when balloons are placed is greater than a normal EGD procedure. (Ex. "B"). ReShape states in the IFU that the risk of esophageal

2

perforation include that of a normal EGD procedure <u>and</u> the risk of esophageal perforation arising from the placement of ReShape balloons which was 1 in 265 cases, i.e., 38 in 10,000 or 38 times higher than a normal EGD.  Dr. Lavin did not obtain consent to encounter this risk.

> "The doctor's duty is to disclose all risks which are "material".  *LaCase v. Collier*, 434 So.2d at 1045-46; *Wheeldon v. Madison*, 374 N.W.2d 367, 375 (S.D. 1985) ("Materiality is the cornerstone upon which the physician's duty to disclose is based."); *Canterbury v. Spence*, *supra*; *Crain v. Allison*, *supra*; *Kinikin v. Heupel*, 305 N.W.2d 589 (Minn. 1981); see, *Barclay v. Campbell*, 704 S.W.2d 8 (Tex. 1986); *Prosser & Keeton, supra*, p. 191.  In broad outline, a risk is material when a reasonable person in what the doctor knows or should know to be the patient's position, would likely to attach significance to the risk or <u>cluster of risks</u> in deciding whether or not to forego the proposed therapy.  *Canterbury v. Spence, supra*, at 787; *LaCaze v. Collier, supra*, at 1045-46; *Harbeson vs. Parke Davis, Inc.*, 746 F.2d 517 (9th Cir. 1984); *Prosser & Keeton, supra* at p. 191.
>
> The factors contributing significance to a medical risk are the incidence of injury and the degree of the harm threatened.  If the harm threatened is great, the risk may be significant even though the statistical possibility of its taking effect is very small."  (emphasis added), *Hondrulis v. Schumacher*, 553 So.2d 398, 411-412 (La. 1989).

This is the "cluster of risks":  (1) The actual occurrence of deaths, or "adverse events," of which ReShape did not warn Dr. Lavin and of which he did not know, and (2) The risk of esophageal perforation, not just from the EGD of 1 in 10, 000 but from the ReShape balloons of 38 in 10,000.

There is a jury question of whether plaintiff can offer proof of misrepresentation of material facts and rebut the presumption of La. R.S. 40:1157.1(A), which precludes a summary judgment. *Wordgren v. State*, 53, 480 (La. App. 2 Cir. 7/22/20), 300 So3d 473.  This "cluster of risks", i.e.

3

the danger of death and the misstated risk of esophageal perforation cannot be "presumed" to be consented to by the inclusion of "Death (very rare)" and harm to the "upper gastrointestinal tract or, intra-abdominal organs including perforation (tearing)" in the consent form. The actual danger of deaths and the actual incidences of esophageal perforations using the ReShape balloons were material facts misrepresented to Dr. Vesoulis which, taken together as a "cluster of risks" would have resulted in an objective person foregoing this purely elective procedure

At the least whether there was a misrepresentation of material facts is a question that should go to the trier of fact. Compare, *Deykin v. Ochsner Clinic Foundation*, 16-488 (La. App. 5th Cir. 4/26/17), 219 So.3d 1234, 1242-1244, (consent found valid after jury trial), and *Fanguy v. Lexington Ins. Co*., 15-450 (La. App. 5Cir. 12/26/16), 210 So.3d 483 (consent found invalid, "...proof that the execution of [plaintiff's] consent was induced by the misrepresentation of material facts by [defendant] was presented at trial").

ReShape:

While it is true that Dr. Lavin should have recognized the increased risk of esophageal perforation upon placement of ReShape balloons versus an EGD, (Ex. "B"), it is also true that the PMA Order and IFU required Dr. Lavin to disclose all "adverse events", i.e. deaths, with his patient. Dr. Lavin's "ordinary knowledge common to [his] community [of physicians] as to the product's characteristics," La. R.S. 9:2800.57(B), (i.e. the danger of actual death) did not include this knowledge because ReShape did not tell him. Dr. Lavin cannot obtain Informed Consent to encounter a risk of which he does not know.

4

In *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254 (5th Cir. 2002) the Court set forth the warnings necessary to satisfy La. R.S. 9:2800.57's duty to warn. "...The warning must contain the language that is adequate to reasonably inform the recipient (i.e., the doctor in a learned intermediary case) about the <u>nature of the danger involved</u>." *Stahl* at F.3d 267. The "nature of the danger" is death. ReShape stated there were no deaths. Dr. Lavin did not even discuss death as a possibility. The Court in *Stahl* further stated that:

> "The premise underlying a failure-to-warn claim in the learned intermediary context is that the patient is claiming that the manufacturer failed to adequately warn the treating physician. The treating physician's knowledge is thus the focus of the inquiry. Accordingly, when a particular adverse effect is clearly and unambiguously mentioned in a warning label <u>and the prescribing physician unequivocally states that he or she was adequately informed of that risk</u> by the warning, the manufacturer had satisfied its duty to warn under the learned intermediary doctrine." (emphasis added). *Stahl*, F3d at 268.

Dr. Lavin has offered no such unequivocal testimony, nor could he because he had not <u>ever</u> been warned by ReShape that there was an actual danger of death. Therefore, summary judgment is not proper in this case. ReShape <u>should</u> have warned Dr. Lavn of this "danger" but they did not.

And that is the point. The product <u>was</u> in actuality "<u>dangerous</u> to an extent beyond that which would be contemplated by the ordinary user or handler of the product" and Dr. Lavin did not know or reasonably should be expected to know of this <u>actual</u> danger. La. R.S. 2800.57(B).

## **CONCLUSION**

Dr. Lavin was obligated to obtain Informed Consent for this "cluster of risks" from the <u>patient</u>, some of which he could not know because he wasn't told, and some of which he should

5

have known and did not disclose. The trier of fact must decide whether the revelation of these risks would have resulted in a reasonable person not having this purely elective procedure. *Hondrulis v. Schumacher*, 553 So.2d 398, 412 (La. 1988).

As plaintiff has unequivocally stated that he would not have undergone this procedure had he known these facts this Court should reconsider its opinions granting summary judgment. (Ex. "D").

Respectfully submitted,

/s/*Franklin G. Shaw*
LEGER & SHAW
Franklin G. Shaw, Bar No. 01594
Walter J. Leger, Jr., Bar No. 88278
512 E. Boston St.
Covington, LA 70433
Telephone: 985-809-6625
Facsimile: 985-809-6626

## CERTIFICATE OF SERVICE

I hereby certified that a copy of the above and foregoing pleading has been served upon all counsel of record by using the CM/ECF filing system, this 18th day of May 2021.

*/s/ Franklin G. Shaw*
FRANKLIN G. SHAW

6