UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAUL VESOULIS, | * | CIVIL ACTION NO. 2:19-cv-01795 |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| RESHAPE LIFESCIENCES INCORPORATED f/k/a | * | JUDGE MARTIN L.C. FELDMAN |
| ENTEROMEDICS INCORPORATED, | * | |
| Defendant. | * | MAG. JUDGE DANA M. DOUGLAS |

*********************************************

**RESHAPE LIFESCIENCES INCORPORATED'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER GRANT OF SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

ReShape Lifesciences, Inc. ("ReShape") submits this Memorandum in Opposition to Plaintiff's Motion to Reconsider this Honorable Court's Grant of Summary Judgment on behalf of ReShape. See R. Doc. 116; R. Doc. 120, 120-1.

## I. BACKGROUND

The present case has been ongoing since February of 2019. Relevant to the instant Motion, ReShape filed a Motion to Reurge its Motion for Summary Judgment ("MSJ"), seeking dismissal of all of Plaintiff's claims against it on March 23, 2021. R. Doc. 95, 95-12. Subsequently, Plaintiff filed a Memorandum in Opposition and Supplemental Memorandum in Opposition to ReShape's Reurged MSJ. See R. Doc. 101-21, 105-4. ReShape then filed a Motion for Leave to file a brief Reply to Plaintiff's original and supplemental Memorandums in Opposition on May 11, 2021. See R. Doc. 114. This Court granted ReShape's Motion for Leave and allowed ReShape's Reply Memorandum on May 12, 2021. See R. Doc. 117, 118. That very same day, this Court granted ReShape's Reurged MSJ. See R. Doc. 116.

In essence, Plaintiff claims, which are iterated countless times in his briefs, are that ReShape is liable based upon its failure to comply with FDA regulations, and thus, is also liable under the

Louisiana Products Liability Act's parallel provisions regarding the failure to warn and the post-sale duty to warn. See id at p. 2; see also R. Doc. 101-21, 105-4. In support of his claims, Plaintiff argued that ReShape is liable for its failure to comply with FDA labeling and warning regulations requiring "communicating instances of death or serious injury," "reporting of instances of death or serious injury through the required filing of reports with the FDA," and "communicat[ing] instances of death or serious incidents to" Dr. Lavin. See id.

In its Order and Reasons granting summary judgment, this Court concluded that ReShape's "state-law portion" of its Reurged MSJ "reads and functions like a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." R. Doc. 116 at p. 9. Essentially, ReShape argued that the undisputed facts in the record, even when read in the light most favorable to Plaintiff, do not establish that Plaintiff has a plausible claim for relief against ReShape. See id. Considering ReShape's argument, this Court held that, "If ReShape is correct, then the Court must indeed grant summary judgment in its favor." Id. Thus, this Court evaluated Plaintiff's ability to state a viable claim on the well-developed facts in the record. See id. Evidently, this Court ultimately concluded that Plaintiff's claims are legally baseless because it granted summary judgment in ReShape's favor and dismissed all of Plaintiff's claims against ReShape. See id.

## II.     SUMMARY OF THE ARGUMENT

Plaintiff seeks reconsideration of this Court's ruling granting ReShape's Reurged Motion for Summary Judgment. Plaintiff claims that Dr. Lavin's "'ordinary knowledge common to [his] community [of physicians] as to the product's characteristics,' La. R.S. 9:2800.57(B), (i.e., the danger of actual death) did not include this knowledge because ReShape did not tell him." R. Doc. 120-1 at p. 4.  Further, Plaintiff claims that, "Dr. Lavin has offered no such unequivocal testimony, nor could he because he had not ever been warned by ReShape that there was an actual danger of death. Therefore, summary judgment is not proper in this case." Id. at p. 5. Finally, Plaintiff argues

2

that "the point" is: "The product was in actuality 'dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product' and Dr. Lavin did not know or reasonably should be expected to know of this actual danger. La. R.S. 2800.57(B)." Id.

As an initial matter, it bears noting that Plaintiff not only fails to articulate a standard of review for his Motion but also fails to provide any grounds that would satisfy any one of the grounds for altering or amending a judgment or order. See R. Doc. 120, 120-1. Plaintiff's argument is not a proper argument for a Federal Rules of Civil Procedure, Rule 59(e) motion, which would be the appropriate standard of review for a Trial Court's reconsideration of its own ruling, but is instead a reiteration of Plaintiff's original and supplemental opposition briefings. Accordingly, Plaintiff's Motion for Reconsideration is procedurally improper. For reasons more fully set forth below, Plaintiff's Motion for Reconsideration should be denied.

### III. LAW AND ARGUMENT

#### A. Legal Standard for Motion for Reconsideration

"Although the 'Motion to Reconsider' is found nowhere in the Federal Rules of Civil Procedure, such pleadings are becoming an intricate part of motion practice by which the losing party to a motion obtains a second bite at the apple – a chance to reargue and sometimes submit additional argument and authority in support of his lost motion." State of Louisiana v. Sprint Commc'ns Co., 899 F. Supp. 282, 284 (M.D. La. 1995). The Fifth Circuit has treated motions to reconsider as analogous to motions pursuant to Rule 59(e) or Rule 60:

> The federal rules do not recognize a "motion for reconsideration" in haec verba. We have consistently stated, however, that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).

Lavespere v. Niagara Mach, & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).

Rule 59(e) of the Federal Rules of Civil Procedure provides that a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e). Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). A motion under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." Schiller v. Physicians Resource Group Inc., 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotation marks omitted). Furthermore, a motion for reconsideration is not the proper vehicle for rehashing evidence and legal theories that could have been offered prior to the Court's ruling. See Lacoste v. Pilgrim Int'l, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (citing Templet, 367 F.3d at 478–79). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." Lightfoot v. Hartford Fire Ins. Co., 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Castrillo v. Am. Home Mortgage Servicing, Inc., 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (quoting Templet, 367 F.3d at 479). The Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment." Southern Contractors Group, Inc., v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993).

"Relief under Rule 59(e) requires a showing of (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear legal error or to

prevent manifest injustice." Farquhar v. Steen, 611 F. App'x 796, 800 (5th Cir. 2015); see also Johnson v. Cain, Civ. A. No. 05-1943, 2007 WL 1741883, at *1, (E.D. La. June 14, 2007) (citation omitted); Arceneaux v. State Farm Fire & Cas. Co., Civ. A. No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008); Castrillo, 2010 WL 1424398, at *4. The Fifth Circuit has provided several factors to consider when a party seeks to upset a summary judgment by producing additional evidence: "(1) the reasons for the moving party's default, (2) the importance of the omitted evidence to the moving party's case, (3) whether the evidence was available to the movant before the nonmovant filed the summary judgment motion, and (4) the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." ICEE Distributors, Inc. v. J&J Snack Foods Corp., 445 F.3d 841, 848 (5th Cir. 2006) (citations omitted).

Accordingly, in this case, it appears that Plaintiff's Motion for Reconsideration was filed six days after this Court granted ReShape's Reurged MSJ, which is within Rule 59(e)'s twenty-eight-day window. Therefore, the Federal Rules of Civil Procedure, Rule 59(e), should govern the Court's analysis.

### B. Plaintiff's Argument for Reconsideration is Baseless and Improper under a Rule 59(e) Motion because it is a Reiteration of Plaintiff's Original and Supplemental Opposition Briefings.

Plaintiff asserts nothing in his Motion for Reconsideration that establishes that the Court's judgment is based on a manifest error of law or that reconsideration is necessary to prevent manifest injustice or reflect a change in controlling law. Further, Plaintiff fails to point to any manifest error in the Court's reasoning and presents no new evidence to this Court.

Plaintiff's original Memorandum in Opposition to ReShape's Reurged MSJ was filed on April 20, 2021. R. Doc. 101-21. The Court did not rule on the Reurged MSJ until May 14, 2021. In between that time, Plaintiff filed a Supplemental Memorandum in Opposition on April 28, 2021,

as he obviously felt additional briefing was necessary. See R. Doc. 105-4. If Plaintiff wanted to reiterate anything in or include anything not in his original Memorandum in Opposition—that was the time to do it. Nevertheless, he is now, without presenting any new evidence or manifest errors of law or reasoning, <u>attempting to re-raise arguments he already submitted to this Court</u>.

Plaintiff's primary contention in his Motion for Reconsideration is that ReShape's balloon, i.e., the product, was actually "'dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product' and Dr. Lavin did not know or reasonably should be expected to know of this actual danger," i.e., the danger of death. R. Doc. 120-1 at p. 5. This matter was extensively briefed by Plaintiff prior to the Court's ruling. In fact, this Court found in its Order and Reasons that Plaintiff's "briefs [ ] filed in opposition to the current motions – if not in his complaint – [ ] focuses on ReShape's failure to 'advise' Vesoulis or Dr. Lavin of two deaths of which it 'knew [to have] occurred before [Vesoulis's] balloons were inserted'" and his instance "that he would not have elected" to have ReShape's balloon implanted "if he had been appropriately warned that balloon-related complications had killed two prior patients." See R. Doc. 116 at p. 3. Clearly, Plaintiff had ample opportunity to, and indeed did, raise claims and present arguments that he now echoes in his current Motion. See id; see also R. Doc. 101-21, 105-4.

Plaintiff provides **<u>no new evidence</u>** in his Motion for Reconsideration. Instead, Plaintiff cites a Fifth Circuit case that has been around since 2002 for the proposition that, in Louisiana, a warning must contain language that is adequate to reasonably inform the recipient about the nature of the danger involved. See R. Doc. 120-1 at p. 5; see also <u>Stahl v. Novartis Pharmaceuticals Corp.</u>, 283 F.3d 254 (5th Cir. 2002). However, this Court already conducted a thorough analysis of Plaintiff's state-law inadequate warning claims and determined that subsection (B) of Louisiana Revised Statute § 9:2800.57 eliminates any duty ReShape had to "provide an adequate warning"

6

about its balloon because the "ordinary users and handlers of the ReShape balloon at issue are bariatric surgeons like Dr. Lavin, and **there is no evidence in the record** that Dr. Lavin lacked 'ordinary knowledge common to [his] community [of physicians] as to the product's characteristics.'" Id. at p. 12 (emphasis added). The Court elaborated, "To the contrary, the evidence reveals that Dr. Lavin was quite familiar with the ReShape balloon and the dangers it could pose to an unfortunate patient." Id. Thus, since Plaintiff failed to provide any new evidence in his Motion, the Court's findings regarding the record's evidence are validated.

Furthermore, for the reasons stated in this Honorable Court's Order and Reasons, the Court rejects Plaintiff's current argument that ReShape's balloon had an unreasonably dangerous characteristic of death and/or that Dr. Lavin was unaware of such danger. See id at p. 8–14. Ultimately, this Court found that: (1) "ReShape's Instructions for Use notified Dr. Lavin that the balloon could cause the injury Vesoulis suffered," (2) "the consent form Dr. Lavin prepared for Vesoulis did the same," and (3) "Dr. Lavin was clearly aware that esophageal perforation is a common complication of any endoscopy." Id. at p. 12. Given the Court's findings, one can only surmise that the Court chose to analyze the injury Plaintiff actually suffered—esophageal perforation—and not the two uninvestigated deaths Plaintiff repeatedly discussed because the Court found the two unrelated deaths to be immaterial to this case, as Plaintiff in this case did not die. Accordingly, this Honorable Court should decline to exercise its discretion to reconsider its previous Order as Plaintiff failed to provide any valid reason appropriate under a Rule 59(e) motion that this Court should void its prior decision.

### IV.   CONCLUSION

Plaintiff's arguments enumerated in his Motion for Reconsideration regarding the Court's findings and judgment are not grounds for reconsideration. Plaintiff did not assert anything

essential to a Rule 59(e) motion. Plaintiff did not allege that there was an intervening change in the controlling law, that there is new evidence that was not previously available, that the Court's judgment is based on a manifest error of law or reasoning, or that reconsideration is necessary to prevent manifest injustice. Instead, Plaintiff's Motion rehashes evidence, legal theories, and arguments that were offered and raised prior to the Court's entry of its Order granting summary judgment in favor of ReShape. For these and all the foregoing reasons, Defendant, ReShape Lifesciences Inc., respectfully requests that Plaintiff's Motion to Reconsider be denied.

Respectfully submitted,

   */s/ Rachel G. Webre*_____
RACHEL G. WEBRE (No. 26907)
TUCKER T. BOHREN (No. 37039)
Email: rwebre@glllaw.com
Email: tbohren@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone:   (504) 561-0400
Facsimile:   (504) 561-1011
*Counsel for Defendant, ReShape Lifesciences Incorporated f/k/a Enteromedics Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing notice of removal has been served upon all counsel of record, via the Court's CM/ECF system and U.S. mail, this 27th day of May, 2021.

   */s/ Rachel G. Webre*_____
RACHEL G. WEBRE