UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL VESOULIS | CIVIL ACTION NO. 19-CV-01795-MLCF-DMD |
| | JUDGE MARTIN L.C. FELDMAN |
| VERSUS | MAGISTRATE JUDGE DANA M. DOUGLAS |
| RESHAPE LIFESCIENCES, f/k/a ENTEROMEDICS INCORPORATED | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S MOTION TO RECONSIDER GRANT OF SUMMARY JUDGMENT AND PARTIAL GRANT OF SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

Defendants, Thomas Lavin, M.D. ("Dr. Lavin") and Surgical Specialists of Louisiana ("SSL"), submit this memorandum in opposition to the plaintiff's Motion to Reconsider Grant of Summary Judgment and Partial Grant of Summary Judgment [Doc. 120].

**SUMMARY OF THE ARGUMENT**

Plaintiff's Motion to Reconsider does not assert any clear or persuasive reason to alter or amend this Court's judgment on Dr. Lavin and SSL's Motion for Partial Summary Judgment. In the motion, the plaintiff refers to the "cluster of risks" in an effort to persuade this Honorable Court to believe that somehow, Dr. Lavin misrepresented the material facts to the plaintiff. However, as discussed below, plaintiff's referral to a "cluster of risks" is no different from his original argument regarding his claim that adverse events – which were admittedly not known by Dr. Lavin or SSL - were not properly disclosed to him. Moreover, plaintiff alleges an accurate percentage of the occurrence of esophageal perforations was not disclosed to him. This is no different from plaintiff's earlier argument which the Court deemed insufficient to defeat summary judgment. Moreover, not only is plaintiff's argument the same, the case law relied upon in the motion to

reconsider is the same case law relied upon by the plaintiff in his opposition to the motion for partial summary judgment. In short, the plaintiff has offered no evidence or additional legal argument to warrant this Court's reconsideration of its previous judgment.

## LAW AND ARGUMENT

ReShape, in its Opposition to the plaintiff's motion to reconsider, exhaustively discusses the legal standard of review and burden of proof applicable to plaintiff's motion to reconsider. [Doc. 123] Dr. Lavin and SSL adopt and assert that analysis as if copied *herein in extenso*. In short, to prevail on his motion to reconsider, pursuant to Federal Rule of Civil Procedure 59 (e), the plaintiff must prove (1) a change in controlling law, (2) new evidence which was not discoverable at the time of this Court's judgment, or (3) clear legal error or manifest injustice by this Court. *Farquhar v. Steen, et al.,* 611 Fed.App'x 796, 800 (5th Cir. 4/23/15), citing *In re Benjamin & Co.*, 318 F.3d 62, 629 (5th Cir. 2002). Dr. Lavin and SSL submit that the plaintiff has failed to do so.

In his motion to reconsider, the plaintiff claims that Dr. Lavin failed to properly identify the "cluster of risks" in obtaining Dr. Vesoulis's informed consent for the procedure. The plaintiff then identifies the "cluster of risks" as the actual occurrence of deaths and the risk of esophageal perforation. However, in doing so, he admits that Dr. Lavin was never informed of the actual occurrence of deaths. As this Court noted in its reasons for judgment, Dr. Lavin cannot warn of adverse events without knowledge of such events. [Doc. 116] Moreover, while the plaintiff complains that the risk of esophageal perforation was greater than the risk disclosed, this Court recognized that the risk of esophageal perforation was disclosed in accordance with Louisiana informed consent law.

2

The plaintiff presents no new evidence, nor new law, in support of his motion to reconsider. Plaintiff's argument regarding informed consent is virtually unchanged. This Court has already ruled that the record does not support plaintiff's claims. Specifically, this Court noted that, "Vesoulis's arguments to the contrary are unavailing and shroud the fundamental reality at the heart of the matter: namely, that Vesoulis suffered an esophageal perforation that was a known and warned risk of a procedure to which he consented in writing." [Doc. 116].

## CONCLUSION

The plaintiff has failed to assert any grounds for this Honorable Court reconsider its findings and judgment on Dr. Lavin and SSL's Motion for Partial Summary Judgment. He has presented no evidence of an intervening change in controlling law, new evidence not previously available, or the need to correct a clear legal error or prevent manifest injustice. Instead, plaintiff has repeated his same argument, albeit slightly rephrased. Nonetheless, this Court's analysis would remain unchanged – as a result of his procedure the plaintiff sustained an injury which was a known risk that had been disclosed to him and for which he provided written consent. The plaintiff's motion to reconsider is without merit and should be denied.

**WHEREFORE**, Defendants, Dr. Lavin and Surgical Specialists of Louisiana, respectfully pray that this Court deny the plaintiff's Motion to Reconsider Grant of Summary Judgment and Partial Grant of Summary Judgment.

3413766 v1

Respectfully submitted,

**BLUE WILLIAMS, L.L.P.**

*/s/ Kelly M. Brian*
**ALDRIC C. POIRIER, JR. (21824)**
*apoirier@bluewilliams.com*
**KELLY M. BRIAN (31064)**
*kbrian@bluewilliams.com*
1060 West Causeway Approach
Mandeville, Louisiana 70471
Telephone: (985) 626-0058
Facsimile: (504) 846-9746
*Attorneys for Dr. Thomas Lavin and Louisiana Surgical Specialists*

## CERTIFICATE OF SERVICE

I hereby certified that a copy of the above and foregoing pleading has been served upon all counsel of record by using the CM/ECF filing system, this 1st day of June, 2021.

*/s/ Kelly M. Brian*
Kelly M. Brian

4

3413766 v1