UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PAUL VESOULIS                                                      CIVIL ACTION

v.                                                                 NO. 19-1795

RESHAPE LIFESCIENCES, INC.                                         SECTION "F"

ORDER AND REASONS

Rule 59 reconsideration "is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). As such, a movant's burden in seeking to overturn a court's judgment is a heavy one. To prevail on a Rule 59(e) motion for reconsideration,[1] a movant must show: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002).

In his motion for reconsideration here, the plaintiff fails to cite the standard articulated above, much less to argue in any

---

[1] "Whether a motion for reconsideration should be analyzed under Rule 59(e) or Rule 60(b) depends on when it was filed." Farquhar v. Steen, 611 F. App'x 796, 800 (5th Cir. 2015) (per curiam) (citing Tex. A&M Rsch. Found. v. Magna Transp., Inc., 338 F.3d 394, 400 (5th Cir. 2003)). When a party files a motion for reconsideration "within the 28-day time limit prescribed by" Rule 59, its motion is "properly analyzed . . . under Rule 59(e)." Id.

1

novel or persuasive way that the Court committed clear legal error or manifest injustice in granting the defendants' motions for summary judgment on May 12, 2021.² The plaintiff's recitation of duplicative and meritless arguments that have already been exhaustively considered does not entitle him to a second bite at the apple.

\*    \*    \*

Accordingly, IT IS ORDERED: that the plaintiff's motion for reconsideration is DENIED with regard to both motions for summary judgment at issue.

New Orleans, Louisiana, June 3, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

² Because the law and facts pertaining to the defendants' motions are unchanged, the plaintiff's motion for reconsideration can only be construed as an argument for clear error or manifest injustice.