UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PAUL VESOULIS                     CIVIL ACTION NO. 19-CV-01795-MLCF-DMD

JUDGE MARTIN L.C. FELDMAN

VERSUS

MAGISTRATE JUDGE DANA M. DOUGLAS

RESHAPE LIFESCIENCES, f/k/a
ENTEROMEDICS INCORPORATED
*************************************************************************

### MEMORANDUM IN OPPOSITION TO MOTION TO QUASH TRIAL SUBPOENA SERVED UPON DR. RACHEL MOORE

May it please the Court:

    Defendants seeks to quash the subpoena served upon Rachel Moore, M.D.to appear and testify at the jury trial beginning June 21, 2021. The motion is not well founded and should be denied.

    Initially it should be noted that Surgical Specialists of Louisiana, LLC (SSL) is a qualified healthcare provider which is, and at all times including the medical review panel proceedings, a defendant in this case. Dr. Moore is an employee of SSL. Dr. Moore testified:

> Q. And by whom are you, currently, employed?
> A. Surgical Specialists of Louisiana.
> Q. And by whom were you employed in July of 2017?
> A. No change. (Deposition of Rachel Moore, p. 6-7, lines 20-25, 1, Ex. "A").

    Dr. Moore is a fact witness, albeit she is also a medical doctor. Her only involvement with the plaintiff was that she acted as assistant to Dr. Lavin during the operation of January 11, 2018.

(Ex. "B", Operative Report of January 11, 2018).   Her deposition was taken on November 11, 2020 after the rendition of the opinion of the medical review panel.  Dr. Moore submitted no report

Dr. Moore relies on *Writz v. Kansas Farm Bureau Services, Inc.,* 355 F.Supp.2d 1190, 1210-1212 D. Kansas 2005) The Kansas court noted that compensation of fact witnesses is governed by 28 U.S.C. 1821 stating that "[A] number of courts have held that a treating physician testifying solely to his or her treatment of the patient is not entitled to anything above the fact witness fee." id. at F.Supp.2d 1211, fn. 91.  This is the rule in the Fifth Circuit.  *Chevalier v. Reliance Ins. Co. of Illinois,* 953 F.2d 877, 885-886 (5th Cir. 1992), *Cates v. Sears, Roebuck & Co.,* 928 F.2d 679, 689 (5tg Cir. 1991).  La. R.S. 13:3666 does not allow taxing expert costs in diversity cases. *Chevalier.*  Therefore, it is of no moment whether Dr. Moore's testimony is that of a fact witness or crosses some undefined line to that of an expert.

Counsel for plaintiff is mindful of FRCP Rule 45(d)(1)'s admonition and has offered to allow Dr. Moore to choose the most convenient day and time for her to testify so as to lessen any burdens upon her.  Counsel for the plaintiff has inquired of counsel of Dr. Moore, who is of the same law firm as counsel for Dr. Lavin and SSL, what he might suggest.  The only response received was to use the deposition she gave with no video.  Plaintiff simply cannot do this in a jury trial.

Lastly, counsel's accusation that "[p]laintiff intends to ambush her at trial" is uncalled for. Plaintiff intends to ask questions to which he will hopefully receive truthful responses

For the above reasons the Motion to Quash should be denied..

2

Respectfully submitted,

/s/*Franklin G. Shaw*
LEGER & SHAW
Franklin G. Shaw, Bar No. 01594
Walter J. Leger, Jr., Bar No. 88278
512 E. Boston St.
Covington, LA 70433
Telephone: 985-809-6625
Facsimile: 985-809-6626

CERTIFICATE OF SERVICE

I hereby certified that a copy of the above and foregoing pleading has been served upon all counsel of record by using the CM/ECF filing system, this 5th day of June 2021.

*/s/ Franklin G. Shaw*
FRANKLIN G. SHAW